Case 3—EQUITY—November 16.

# Lewis v. The Town of Brandenburg.

APPEAL FROM MEADE CIRCUIT COURT.

1. MUNICIPAL CORPORATIONS—CITIES OF THE SIXTH CLASS—VACANCY IN BOARD OF TRUSTEES.—The act of March 16, 1894, authorizing the county court to appoint five trustees for cities of the sixth class when there exists a vacancy in the entire board of trustees, (Acts 1894, p. 187) is not repealed by the Act of March 19, 1894 (Acts 1894, p. 215), section 3 of which provides that when a vacancy occurs in the board of trustees of cities of the sixth class the county judge may fill said vacancy by appointment until the next regular election.

2. MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW.—The act incorporating cities of the sixth class is not unconstitutional in those sections conferring upon the circuit courts a supervisory jurisdiction over the annexation of territory at the suit of a citizen affected by such annexation; either (1) as conferring on the courts legislative functions, or (2) as interfering with the ancient mode of trial by jury, or (3) as violative of the fourteenth amendment to the Federal Constitution.

3. PRACTICE—DEMURRER TO PORTION OF UNPARAGRAPHED PETITION. —It is not proper practice to sustain a demurrer to a portion of an unparagraphed pleading; motion to strike being the proper practice, but error in that regard will be disregarded unless it appears to have been prejudicial.

CHAPEZE WATHEN FOR THE APPELLANT.

1. The power of appointing the trustees of the town of Brandenburg was in the county judge and not in the county court. Act March 19, 1894. This act repealed the act of March 16, 1894.

2. Section 3665 of the Kentucky Statutes is unconstitutional. Con. Sec. 27; Dillon on Mun. Corp., Sec. 9; Beach Pub. Corp., vol. 1, Sec. 80; Cooley on Const. Lim. (4th ed.) 232; Stone v. Charlestown, 114 Mass., 220; People v. Bennett, 29 Mich., 451; Laramie County v. Albany County, 92 U. S., 307; Meriwether v. Garrett, 102 U. S., 472; Forsythe v. City of Hammond, 71 Fed. Rep., 443;

Lewis v. The Town of Brandenburg.

Hides v. Joyes, 4 Bush, 464; Wright v. Defrees, 8 Ind., 298; State v. Noble, 21 N. E. R., 244; State v. Denny, 118 Ind., 382; 21 N. E. R., 252; Greenough v. Greenough, 11 Penn. St., 489; Galesburg v. Hawkinson, 7 Ill., 152.

DAVID R. MURRAY FOR THE APPELLEE. (HAL. C. MURRAY OF COUNSEL).

1. The appellant can not complain of the unconstitutionality of a statute even if it be unconstitutional.
2. The statute is not unconstitutional.
3. The county court and not the county judge had authority to appoint the trustees.
4. The trustees were *de facto*, if not *de jure*, officers and their acts are binding.
5. It is not a valid ground of objection to the annexation that the annexed territory lies on more than one side of the town.
6. The evidence supports the judgment of the chancellor.

Citations:   State v. City of Waxahatchie, 17 S. W. R., 348; Justices of Jefferson county v. Clark, 1 Mon., 82; Pence v. City of Frankfort, 41 S. W. R., 1011; Session Acts (Ky.), 1894, pp. 187, 215; Session Acts (Ky.) 1891, pp. 2 and 3; Kentucky Statutes, Secs. 3692, 3664, 3665; Forsythe v. Hammond, 68 Fed. Rep., 774; Morton v. Woodford, 35 S. W. R., 1112; Chitty v. Glenn, 3 Mon., 424, Robertson v. Smith (Md.) 15 L. R. A., 273; Davids v. Tierney, 102 U. S. S. C., 415; Mark v. Hyatt, 18 L. R. A., 275; Ferguson v. Landram, 5 Bush, 230; Hansford v. Barbour, 3 A. K. Mar., 515; Barnett v. Barbour, 1 Litt., 396; Am. & Eng. Enc. of Law, vol. 6, p. 1090 (new series); Fox v. McDonald (Ala.) 21 L. R. A., 529; Kentucky Constitution, Secs. 28, 156; Jernigan v. Madisonville, 43 S. W. R., 448; Rice v. Com., 3 Bush, 14; Hoglan v. Carpenter, 4 Bush, 89; Rodman v. Harcourt, 4 B. M., 224; Patterson v. Miller, 2 Met., 493; Williamstown v. Matthews, 44 S. W. R., 387.

JAMES W. LEWIS, AND FAIRLEIGH, STRAUS & EAGLES, IN A PETITION FOR A REHEARING.

1. That the court erred in sustaining a demurrer to a part of plaintiff's petition.  Sec. 93, 113, sub-sec. 3, and Sec. 121, Civ. Code; City of Lebanon v. Cooper, 18 Ky. Law Rep., 636; Acts 1894, chap. 81, p. 187; Same, chap. 96, p. 215; Ky. Con., Secs. 51, 234; Ky. Stat., Sec. 3671.

2. That the court erred in sustaining the demurrer to the amended petition, and in so doing did not properly construe the law under which it was acting. Ky. Stat., Sec. 3665.

3. That the entire act so far as it provides how territory may be annexed, is unconstitutional. Ky. Con., Secs. 2, 7, 28, sub-sec. 29 of Sec. 59; Sec. 60 and Sec. 156; Ky. Stat., Secs. 2762, 3052, 3664, 3665, 3671, 3692; third volume of Debates Constitutional Convention, 1890, pp. 4000, 4006, 4009, 4012, 4015 and 4349: Miller v. Johnson, 92 Ky., 589; Carder, &c. v. Weisenbergh, 95 Ky., 135; O'Connor, &c. v. Henderson Bridge Co., 95 Ky., 642.

4. That the finding and judgment of the court below is not authorized by the law nor supported by the evidence.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

In 1896 the trustees of the town of Brandenburg passed an ordinance reciting that it was desirable and necessary to extend the boundary of the town on the east, north and west so as to include a described boundary of land, and declaring that the trustees proposed to annex such described boundary, which ordinance was adopted and published in accordance with section 3664, Kentucky Statutes. Within thirty days from the adoption of the ordinance, the appellant, who was a resident and freeholder of the territory proposed to be annexed, as permitted by section 3665, Kentucky Statutes, filed his petition in the circuit court, setting forth reasons why the territory should not be annexed. Upon the trial the circuit court found as a fact that less than 75 per cent. of the freeholders of the territory had remonstrated, that the addition of the territory to the town would be for its interest, and that such addition would cause no material injury to persons owning real estate in the territory sought to be annexed, and approved the annexation. Appellant seeks a reversal here upon two grounds: First, that the trustees who adopted the ordinance did not constitute a legal board of trustees,

and the ordinance was therefore void; and, second, that the act under which it was attempted to annex the territory was unconstitutional, as being in violation of section 28 of the present Constitution, these being the only grounds urged for reversal in this court, though other contentions appear to have been made in the circuit court.

The petition states—and is not denied in this behalf—that no election had been held for the election of trustees by the voters of the town at the time of the adoption and passing of the ordinance, and that the persons who acted as trustees acted under an order of the court of Meade county appointing them trustees, and without other authority. The order of appointment recites that there being no election held for trustees at the last election, and vacancies existing, it was ordered that certain named persons be appointed the trustees for said town, who thereupon qualified; and it is claimed by appellant that the power of appointment to fill vacancies in such boards was given to the county judge, and not to the county court, by section 3692, Kentucky Statutes, being an amendment adopted March 19, 1894, to the act for the government of towns of the sixth class. By the original act (Acts 1891-93, page 887, article 7, section 20) it would appear that no provision was made for filling vacancies in the board of trustees, except by the board itself. By an amendment of March 16, 1894 (Acts 1894, page 187), the section referred to was amended by adding the words: "And if, from failure to elect at the time fixed by law, or other cause, there shall be a vacancy in the entire board of trustees, then the county court of the county shall have power to appoint five trustees, who shall hold their office until the next reg-

[2]

ular election." This amendment is omitted from the Kentucky Statutes, possibly upon the theory that it was repealed by an act adopted three days later, March 19, 1894 (Acts 1894, page 215; Kentucky Statutes, section 3692), by which it was provided that, "when a vacancy occurs in the board of trustees, the county judge may fill such vacancy by appointment until the next regular election." Appellant contends that the latter amendment took from the county court the power of appointment which had been given the court by the amendment adopted three days before, and conferred that power upon the county judge. On the other hand, it is argued for the appellee that the two amendments are perfectly consistent; the amendment of March 16th providing for the contingency of there being a vacancy in the entire board of trustees, in which event the county court was to have power to appoint five trustees to hold office until the next regular election, while the amendment of March 19th provides that "when a vacancy occurs in the board of trustees, the county judge may fill such vacancy by appointment until the next regular election," and the provision for a vacancy occurring was obviously intended to apply to a vacancy caused by the death, resignation or disqualification of some member of the board and not at all to a case where there might be a "vacancy in the entire board of trustees," from a failure to elect (that is to say, when there was no board of trustees in being); that the grant of power to the county judge to fill a vacancy is not comprehensive enough to repeal by implication the grant of power to the county court to create an entire board of trustees; that the latter amendment is not specific enough to indicate a legislative intent to take from the county court the power of appointing an entire board,

upon failure to elect; and that it would be an unfair construction to hold that the Legislature, having given the power of appointment of an entire board to the county court, so that when exercised it became matter of record intended to take that power from a court of record by the grant of a less power to the county judge. The difficulty with this construction is that the second amendment provides for amending the section "by adding thereto the following words: . . . . so that said section as amended will read as follows," and that the language following excluded the addition made by the first amendment to the original section. This objection is met, however, when we consider that if to the original section, as amended by the act of March 16th, there be added the language provided to be added by the act of March 19th, it will not make the section "read as follows," viz., as it is provided it shall read by the act of March 19th, and that the latter act does not provide for striking out of the section the words which three days before had been added thereto by the first amendment. And we have reached the conclusion that the two amendments, fairly construed, are not inconsistent, and effect should therefore be given to each. It is therefore unnecessary to consider what application the case of Pence v. City of Frankfort, 19 Ky. Law Rep., 721 [41 S. W., 1011], bears to the case at bar, upon the question whether this is a collateral attack upon the exercise of power by *de facto* officers.

It is further urged by appellant that the act is unconstitutional as being a delegation to the circuit court of legislative power, and so within the inhibition of section 28 of the Constitution, which forbids the exercise by persons being of one of the departments of government of

Lewis v. The Town of Brandenburg.

any power properly belonging to either of the others, except where expressly directed or permitted by the Constitution. A number of authorities are cited to show that the power of establishing municipal corporations, and enlarging and contracting their boundaries, is legislative in its nature; and the case especially relied on is Forsyth v. City of Hammond, 18 C. C. A., 175; 71 Fed., 443, from Indiana. The statute of Indiana provided that the board of county commissioners might make the order of annexation of territory, and also provided for an appeal by either party to the circuit court from the determination of the commissioners; and it was held (syllabus) that "the determination, under such statutes, by boards of county commissioners, is a legislative function, which can not be performed by the court, and hence the provisions of the statutes giving the right of appeal to the courts from such determination are unconstitutional and void." It might be suggested that if counsel is right in his contention that the statute now under consideration, in substance, gives a right of appeal to the circuit court from the legislative action of the board of trustees, and the Indiana case therefore applies, it would merely result in cutting off the appellant from the remedy which he himself has sought. It has been decided in Morton v. Woodford, 18 Ky. Law Rep., 271 [35 S. W., 1112], that the power conferred by the Legislature on the circuit court to establish towns was constitutional, and not in conflict with section 28; and it would seem that, so far as constitutional authority is concerned, the power to establish a town would include the lesser power to enlarge its boundary. Moreover, by section 59 of the Constitution it is provided that "the general assembly shall not pass local or special acts . . . . to authorize

the opening, altering, maintaining or vacating roads, high-ways,streets, alleys, town plats," etc.   By section 156 it is provided that the organization and powers of each class of cities and towns shall be defined and provided for by general laws.   Under the latter section the statute was enacted which gave authority to towns of the sixth class to enlarge their boundaries, and by this general law the manner in which such annexation of contiguous territory was to be accomplished was fixed.   It was provided first that an ordinance should be enacted and published, giving notice to the public of the intention of the board of trustees to annex the territory; then there was given not a right of appeal to the circuit court, but, for the protection of the residents and freeholders of the territory proposed to be annexed, a right to a special proceeding, somewhat in the nature of an application for a writ of injunction, whereby, if the circuit court found the existence of certain specified facts alleged by the petitioner remonstrating, the town was prohibited from attempting to annex the territory for the space of two years.   On the other hand, if the court found adversely to the contention of the petitioner its judgment did not work an annexation, but the judgment, when entered, was to "be certified to the legislative board of the city, who may thereupon annex to, or strike from, the city or town the territory described in the judgment." Granting, for the sake of argument—what we are by no means disposed to concede—that under our Constitution, with its evident purpose to take from the Legislature its power of action by local statutes in such local matters as this, and confer it upon other bodies of magistracy, the power of enlargement of the boundaries of municipalities is a purely legislative power, it may be said that in this

case it was conferred upon a legislative board, and that to the circuit courts was given, not the right of reviewing the legislative action of such board, but, by judicial investigation, to determine and adjudge whether facts existed which authorized such action by the local Legislature. The judgment is, therefore, affirmed.

On January 5, 1899, the petition for a rehearing was overruled in an opinion by Judge DuRelle.

Since the opinion was delivered in this case, there have been filed an additional brief and a petition for rehearing on behalf of the appellant, in which some questions are presented not presented or argued in the briefs on file upon the original hearing. As the failure to file this additional brief before the case was decided was not, under the circumstances, the fault either of the appellant or his counsel, we have given the case careful reconsideration.

The argument elaborately made in the brief, that the amendment of March 16th was repealed by implication by the enactment of the amendment of March 19, 1894, has, we think, been sufficiently answered in the original opinion. We may add, however, that while it is unnecessary to decide whether the act of March 19th was, under section 51 of the Constitution, so defective in its statement of what was to be accomplished by it as to be invalid, we are not willing to hold that an amendment which, by its terms purports only to add certain words to a statute can properly be construed to repeal a prior amendment whose provisions are not in the least inconsistent with those added words. Moreover, we are clearly of opinion that in these two amendments the words "county court" and "county judge" are used as synonymous, and are intended

to mean the county judge when sitting as judge of the county court.

It is further objected by appellant that the laws in relation to the annexation of territory to cities of the various classes differ, and that, as citizens of the State living outside the limits of the various classes of towns are entitled to have their property rights determined and adjudicated under uniform laws, it is unconstitutional to apply a different rule to the annexation of territory lying contiguous to a city of the sixth class from the rule applying to territory contiguous to a city of the first class. This objection seems to us to be rather technical than real. It seems to us clear that legislation by the municipal Legislature looking to the annexation of territory is embraced under the general term of "organization and 'government" of cities of the class to which the municipality belongs. This being so, the Constitution (section 156) itself authorizes a difference to be made; the only restriction being that all municipal corporations of the same class shall possess the same powers, and be subject to the same restrictions.

Nor do we consider the proposition tenable that the statute is violative of the fourteenth amendment to the Federal Constitution. That amendment contemplates protection against discriminations by State action as between persons and classes of persons, but it is not designed to control States as to county and municipal governments; nor does it profess to secure to all persons in the United States the benefit of the same laws. There may be diversities among States, and differences even in the same State. Missouri v. Lewis, 101 U. S., 22. Said Mr. Justice Bradley of the fourteenth amendment in the case cited: "It contemplates persons and classes of per-

sons. It has not respect to local and municipal regula-
tions that do not injuriously affect or discriminate be-
tween persons or classes of persons within the places or
municipalities for which such regulations are made."

A further objection urged is that the act providing for
the annexation is unconstitutional, as in violation of sec-
tion 7 of the bill of rights, guaranteeing to every citizen
the right to the ancient mode of trial by jury. But for
the statute the appellant would have no right to resort
to the courts at all; the act of annexation being a legisla-
tive act, which, under our Constitution, might have been
placed entirely in the discretion of the local Legislature.
But the Legislature has, in its wisdom, given to the resi-
dent of the territory proposed to be annexed a right to re-
sort to the circuit court, not by way of appeal from the
action of the local Legislature, but by a preventive pro-
ceeding, by means of which the citizen, if successful, may
prevent any other attempt at annexation for a period of
two years. In giving this new right to the citizen, the
State Legislature had the right to provide for trial by
jury, or to lodge the power in the court without the inter-
vention of a jury. The law does not make the local act
take effect upon the approval of the chancellor, but merely
authorizes the local Legislature to proceed in the event
the chancellor does not disapprove. And this seems to
us to answer another objection urged, viz., that the act
in question confers upon the judicial department legis-
lative functions or powers.

Another objection is that the court did not consider
the questions of annexing the territory lying on different
sides of the town as separate propositions. There would
be some force in this objection, if the territory sought

Lewis v. The Town of Brandenburg.

to be annexed upon the different sides of the town lay in separate, disconnected parcels; but, as the case stands, it is sufficient to say that the statute providing for the annexation does not permit the residents of the territory sought to be annexed to split it up into parcels for the purpose of resisting annexation of one or more of such parcels.

It is unnecessary to consider the question whether the acts of the trustees were binding as acts of *de facto* officers, for the averments sustain the theory that they acted unanimously, and a quorum were confessedly eligible at the date of their appointment; the claim being only that two of the five were ineligible, as not residing within the municipality.

It is true, as claimed by appellant, that it is not proper practice to sustain a demurrer to a portion of an unparagraphed pleading, the proper remedy being by motion to strike out; but the action of the court in this behalf was not error to the prejudice of the substantial rights of appellant.

As to the question of fact, we do not feel authorized, under the evidence in this record, to disturb the finding of the circuit court.

As we have not deemed it necessary to consider appellee's contention for an equitable estoppel, we need not consider appellant's argument in response thereto, further than to say that we are satisfied he was not the author of the act of 1836.

The petition for rehearing is overruled.

The whole court sat in this case.