Case 15.—PETITION BY MONROE HURST AGAINST THE
CITY OF BARDSTOWN FOR A WRIT OF PROHIBITION
TO PREVENT THE POLICE JUDGE FROM TAKING JURIS-
DICTION OF AN OFFENSE BECAUSE NOT COMMITTED
WITHIN THE CITY LIMITS.—September 29.

## City of Bardstown v. Hurst.

| 121 | 119 |
|-----|-----|
| 131 | 41 |
| 121 | 119 |
| 137 | 489 |

Appeal from Nelson Circuit Court.

S. E. JONES, Circuit Judge.

From the judgment granting the writ the city ap-
peals.    Affirmed.

1. Annexing Territory to City—Publication of Ordinance—Pe-
tition Objecting to Annexation—Where it is apparent that
the city council knew of the filing of the petition in the cir-
cuit court remonstrating against the proposed annexing of
territory to the city when the final ordinance was enacted
by it, and that it was filed before the publication of the ordi-
nance in four issues of a weekly newspaper, such ordinance
was prematurely enacted and was illegal.

2. Same—The filing of a petition objecting to the annexing of
territory before the passage of the final ordinance, and be-
fore there had been four publications as provided by statute,
interposed a legal barrier to further action on the part of
the city council until the circuit court had passed upon all
questions raised in the petition.

3. Same—While the ordinance will not be declared void because
it was not published in a weekly newspaper in each of the
four weeks following its enactment, the city, after taking
two months to publish the ordinance, will not be heard to
complain that the petition was not filed within thirty days
next after the enactment of the first ordinance by which
the boundary of the territory was defined.

4. Proper Remedy—Prohibition is the proper remedy, where a
city seeks to prosecute one for an offense committed in
territory not legally annexed to the city.

R. C. CHERRY for appellant.

S. G. FULTON for appellee.

(No briefs.)

OPINION BY JUDGE SETTLE—Affirming.

The council. of appellant, city of Bardstown, desiring to annex to its corporate limits certain contiguous territory upon which is situated its waterworks and reservoir, on December 13, 1904, enacted an ordinance defining accurately the boundary of territory proposed to be annexed. Small parcels of the territory in question are owned by J. R. Barber, K. C. Barber and the Louisville & Nashville Railroad Co., respectively; the remainder, by the city. After the enactment by the city council of the ordinance mentioned, it was given to the Record Printing Co., publishers of a weekly newspaper of the city known as the "Nelson Record," to be published in four issues of that paper; there being no daily newspaper published in Bardstown. The Nelson Record was issued on Thursday of each week, and as the ordinance given it for publication did not reach its office until Wednesday, the day following its adoption by the council and the day before the usual time for the weekly issue of the paper, there was not time to set it in type or publish it that week. It did, however, appear in the next issue of the paper, the following week; that is, on December 22d. There was no issue of the paper the succeeding week embracing the Christmas holidays, it being the custom of weekly newspapers in Kentucky not to issue during that season. Consequently no publication of the ordinance was made that week. On January 2, 1905, and before the day arrived for the next regular issue of the Nelson Record, which, if issued, would have con-

tained the second publication of the ordinance, the office, plant and type of its owner, the Record Printing Co., were all destroyed by fire. After the fire the Nelson Record and its good will were purchased by the Standard Publishing Co., and the Nelson Record was no more published. But the Standard Publishing Co. then began the publication in Bardstown of a weekly newspaper called the "Kentucky Standard," and in this paper the ordinance, which had received but one publication in the Nelson Record, was published in four weekly issues consecutively. Thus it appears that the ordinance was published in five issues of a weekly newspaper, between December 13, 1904, and February 14, 1905. On the last named date appellant city council enacted another ordinance, whereby the territory defined by the first ordinance was declared annexed to the city. On January 12, 1905, which was thirty-one days after the enactment by the city council of the first ordinance, but before it had been published in four issues of a weekly newspaper, and more than thirty days before the enactment of the second ordinance, J. R. Barber and K. C. Barber, freeholders and residents of the territory sought to be annexed, filed in the Nelson Circuit Court a petition resisting the proposed annexation. Appellant city council, in enacting the second or annexing ordinance, ignored the petition of remonstrance in the circuit court, upon the ground that it had not been filed within thirty days next after the passage of the first ordinance, although the circuit court had not then taken action upon the objections to the annexing of the additional territory raised by the petition, and, so far as shown by the record, has not yet done so. After the passage of the second ordinance the appellee, Monroe Hurst, was ar-

rested for a petty offense against the laws of the city of Bardstown, alleged to have been committed in the newly annexed territory, and upon being arraigned therefor in its police court, denied the jurisdiction of that court, upon the ground that the action of the city council in annexing the territory in question was illegal, and its ordinances in regard thereto invalid, in consequence of which the offense of which he stood charged had not been committed within the corporate limits of the city. He therefore petitioned the judge of the circuit court for a writ of prohibition to prevent the judge of the police court from taking jurisdiction of his person or the offense charged. Upon hearing the circuit judge sustained appellee's contention and granted the writ of prohibition, and from that judgment the city has appealed.

Bardstown is a city of the fifth class, and therefore, in the matter of enlarging or reducing its corporate boundary, the powers of the city council are defined by secs. 3611 and 3612, Ky. Stats. 1903,

Sec. 3611 provides: "Whenever it is deemed desirable to annex any territory to any city of this class, or to reduce the boundaries thereof, the city council thereof may enact an ordinance defining accurately the boundary of the territory proposed to be annexed or stricken off, and such ordinance shall thereupon be published in at least ten issues of the daily paper published in the city; or, if there be no daily paper published in the city, then in at least four issues of a weekly paper published in the city; or, if there be no daily or weekly paper published in the city, then by posting copies of the ordinance for at least ten days in four of the most public places in the city. In not less than thirty days after the enactment of such ordinance, if the pub-

lication or notice, as herein provided, has been made
or given, and no petition is filed in the circuit court
as provided in the next section, the city council
may, by ordinance, annex to the city the territory
described in the ordinance hereinbefore mentioned,
or reduce the limits, as the case may be; and
upon the enactment of such ordinance, such terri-
tory shall become a part of the city, or shall be
stricken therefrom.''

Sec. 3612 provides: ''Within thirty days after the
enactment of an ordinance, proposing to annex ter-
ritory to any city, or to reduce the limits thereof,
one or more residents or freeholders of the terri-
tory proposed to be annexed or stricken off, may
file a petition in the circuit court of the county, set-
ting forth the reasons why such territory or any
part thereof should not be annexed, or why the
limits should not be reduced.    The case shall
be tried according to the rules and practice pre-
scribed for the trial of equity cases, but without
the intervention of a jury. If the court be satisfied,
upon the hearing, that less than seventy-five per
cent. of the freeholders of the territory to be an-
nexed or stricken off have remonstrated, and that
the adding or striking off of such territory to the
city will be for its interest, and will cause no man-
ifest injury to the persons owning real estate in
the territory sought to be annexed or stricken off,
it shall so find, and said annexation or reduction
shall be approved and become final.    If the court
shall be satisfied that seventy-five per cent. or more
of the resident freeholders of the territory sought
to be annexed or stricken off, have remonstrated, then
such annexation or reduction shall not take place, un-
less the court shall find from the evidence that a fail-
ure to annex or strike off will materially retard the

prosperity of such city and of the owners and inhabitants of the territory sought to be annexed or stricken off. In case the court shall so find, the annexation or reduction shall take place, notwithstanding the remonstrance. There shall be no appeal from the judgment of the court, and there shall be no change of venue from the county. Costs shall follow the judgment. If the judgment of the court be adverse to the annexation or reduction, no further effort to annex or strike off such territory shall be made within two years after the rendition of such judgment."

According to the provisions of the statute, supra, there are three steps to be taken before contiguous territory can be annexed to the corporate boundary of a city of the fifth class or its corporate territory reduced. First, there must be an enactment of an ordinance defining accurately the territory to be annexed or stricken off; second, there must be a publication of such ordinance four times in a weekly newspaper in the city, if there is no daily paper published therein; third, in not less than thirty days after the enactment of the ordinance defining accurately the territory to be annexed or stricken off, if the publication of same "in at least four issues" of a weekly newspaper has been made and no petition of remonstrance is filed in the circuit court by one or more resident freeholders of the territory to be annexed or stricken off, within thirty days of the enactment of the first ordinance, the city council may by ordinance annex to or strike from the city limits the territory described in the first ordinance, and it shall upon the enactment of the last ordinance become a part of such city or shall be stricken therefrom.

It must be taken as true that the petition of the

Barbers, objecting to the annexation of the territory by the city council, was not filed within the thirty days prescribed by the statute; but it is likewise true that it was filed before there had been a publication four times in the weekly papers of the first ordinance, and more than thirty days before the second and final ordinance was enacted. While there were four—in fact, five—issues of a weekly newspaper containing the publication of the first ordinance, they did not issue consecutively, but at intervals covering a period of two months. It is manifest that, in having the statute declare as to the first ordinance that it shall "thereupon be published," it was contemplated by the Legislature that it should be published within the thirty days next after its enactment; that is, in each of the four succeeding weekly issues of the newspaper, where there was a weekly and no daily in the city, in order that persons to be affected by the proposed change of the city's boundary might receive due notice thereof during the thirty days within which the petition to show cause against such change is required to be filed, and thus be afforded an opportunity to make known their objections, if any, against the proposed change. We are not, however, prepared to say that, because the first ordinance was not published by a weekly newspaper in each of the four weeks following its enactment, it is void. But we are of opinion that the city, after taking two months to publish the ordinance, will not be allowed to say that residents of the territory proposed to be annexed to the city shall be prevented from making objection thereto because the petition presenting their objections, though filed thirty days before the enactment of the second or annexing ordinance, was not filed within thirty days next after the enactment of the first ordinance, by

which the boundary of the territory to be annexed was defined. If, as appears to have been the case, the publishing of the initiatory ordinance was delayed by accident or unavoidable casualty, and the petition resisting the change was filed, though after the thirty days, a sufficient time to have informed appellant's city council of the petitioners' objections to the proposed enlargement of the city's corporate limits before the enactment of the annexing ordinance, it was their duty to delay its enactment and postpone further action until the grounds of resistance presented by the petition were heard and adjudicated by the circuit court. It is apparent that appellant's city council knew of the filing of the petition when the second and final ordinance was enacted by them, and that it was filed before the publication of the first ordinance in four issues of the weekly newspaper. It must therefore be presumed that that body further knew that the circuit court had not then adjudicated the questions presented by the petition. It was not their right or duty to determine whether or not the petition was filed in time, or to pass upon the grounds of resistance it offered to the proposed change in the city boundary. Those were all questions to be determined by the judge of the circuit court. The filing of the petition before there had been four publications of the first ordinance, and before the enactment of the final ordinance, interposed a legal barrier to further action on the part of the city council in the matter of annexing to the appellant city the desired territory until the circuit court determined all questions arising upon the petition. In other words, the filing of the petition took from the city council and transferred to the circuit court and left to its decision the

question of whether or not the additional territory desired by the appellant city should be annexed.

We are therefore of opinion that the enactment by the city council of the ordinance annexing this territory was premature, unauthorized, and illegal, and that, the ordinance being void, the territory it attempted to annex was not within the corporate limits of the appellant city when appellee committed the offense for which he was arrested. Consequently he can not be prosecuted in or tried by the police court, as its jurisdiction is confined to offenses committed within the city's limits. In petitioning the circuit court for the writ of prohibition, appellee invoked the only remedy known to the law; and the granting of the writ by that court upon the grounds presented was eminently proper.

Wherefore the judgment is affirmed.

JUDGE SETTLE delivered the following extended opinion, December 16, 1905:

We do not agree with counsel for appellant that the opinion in this case can be construed to convey the meaning that the first ordinance—that is, the one defining the boundary of the territory proposed to be annexed to the city—is void because not published within the thirty days next after its enactment by the council. The opinion only holds that as it was not published within that time, and the petition of appellee resisting the proposed annexation of territory was filed in the circuit court before that ordinance had been published in four issues of the weekly newspaper and before the final or annexing ordinance was adopted by the council, that body had no right to ignore the filing of the petition and pass the final or annexing ordinance before the circuit court passed upon the question raised by the peti-

tion. It is only the last or annexing ordinance that the opinion declares void, and that, inasmuch as there was delay upon the part of the council in publishing the original ordinance, the city was not injured by and can not complain of the delay in the filing of the petition, because it was filed before the council was in a situation to enact the final or annexing ordinance. Therefore, in the case yet pending in the circuit court, the grounds of resistance to the annexation of the additional territory presented by the petition of Barbour will be adjudicated by that court as if the original or defining ordinance had been legally enacted and published and the petition filed within the thirty days, and as if the final or annexing ordinance had not been adopted.

The opinion is extended to the extent herein indicated.