## Sullivan et al. v. City of Louisville.

June 1, 1943.

Robert E. Hogan and Harry L. Hargadon for appellants.

Lawrence S. Poston and Richard H. Hill for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

On May 21, 1942, the City of Louisville enacted an ordinance proposing to annex three subdivisions on the south side and adjoining the present boundary of the City, known as the MacArthur Fields Subdivision, the Southlawn Subdivision and the Meadows Subdivision. The MacArthur Fields and the Meadows Subdivision lie on one side of Third Street and the Southlawn Subdivision lies on the other. More than 75 per cent of the residents and freeholders of the Southlawn Subdivision sought to resist the annexation of that territory. They designated the appellants, R. R. Sullivan, George Cummings and Russell Jordan as a Remonstrating Committee of residents and freeholders opposing annexation to the City of Louisville. These individuals were given powers of attorney to act for those opposing the annexation. Within the 30 day period provided in KRS 81.110, the Committee filed a petition in equity protesting annexation. The petition set forth that the appellants had been designated by more than 75 per cent of the residents and freeholders of the Southlawn Subdivision to act for them; they had powers of attorney to act in such capacity; they did not desire the Southlawn Subdivision to be annexed to the City of Louisville and its residents would not be benefited thereby; and "plaintiffs further state that a large number of the freeholders of said territory sought to be annexed, including these plaintiffs and those represented by these plaintiffs, are purchasing their properties under mortgage-plan bases * * *." Both a special and a general demurrer were sustained to the petition. Upon the failure of the appellants to plead further their petition was dismissed; hence this appeal.

The special demurrer was sustained on the ground that the Remonstrating Committee was not legally empowered to sue for the residents of the Southlawn Subdivision. The first part of KRS 81.110 reads:

"(1) Within thirty days after the enactment of an ordinance proposing to annex unincorporated territory to a first-class city, or to reduce its limits, one or more residents or freeholders of the territory proposed to be annexed or stricken off may file a peti-

tion in the circuit court of the county, setting forth the reasons why the territory or any part of it should not be annexed, or why the limits should not be reduced. * * *;'

The appellants insist they had authority as a Committee to sue on behalf of the residents and freeholders of the Southlawn Subdivision, and advance several arguments in support of that view. The City relies upon the provisions of Sections 18 and 21 of the Civil Code of Practice. Section 18 directs that every action must be prosecuted in the name of the real party in interest, except as provided in Section 21. It is insisted that the Remonstrating Committee does not come within the exceptions provided under Section 21, and, since it is neither a resident nor a freeholder, it can not sue. While there appeared to be sound reasons in support of the contention of the appellants to the effect that the Committee can maintain the action, we deem it unnecessary to pass upon that question, since we are of the opinion that the three named appellants are actually real parties in interest. Taking the allegations of the petition as true, they are freeholders of the Southlawn Subdivision. They, along with other freeholders who comprise more than 75 per cent of the persons living in the Subdivision, are protesting the annexation. The Statute directs that one or more residents or freeholders may file a petition. Since they state they are freeholders of the territory sought to be annexed, we think it would be placing too strict a construction upon the question at issue to say that they had not shown their right to maintain the action.

The general demurrer seems to have been sustained upon the ground that the court had no jurisdiction of the subject of the action, because the protest was directed to the annexation of only a part of the territory. Reference to the last part of KRS 81.110 heretofore quoted will show that the protest must set forth why the territory or any part thereof should not be annexed. The City relies upon the extension of the opinion on a petition for rehearing in the case of Lewis v. Town of Brandenburg, 105 Ky. 14, 47 S. W. 862, 48 S. W. 978, 979, wherein it is said:

"Another objection is that the court did not consider the questions of annexing the territory lying on different sides of the town as separate propositions. There would be some force in this objec-

tion, if the territory sought to be annexed upon the different sides of the town lay in separate, disconnected parcels; but, as the case stands, it is sufficient to say that the statute providing for the annexation does not permit the residents of the territory sought to be annexed to split it up into parcels for the purpose of resisting annexation of one or more of such parcels.''

Brandenburg, a town of the sixth class, was attempting to annex territory to the east, north and south of its limits under a statute worded substantially the same as KRS 81.110. Its right to do so was upheld in the lower court and that ruling was affirmed by this Court. On petition for rehearing a question was raised as to the failure of the Court to consider separately the annexation of the territory on the different sides of the town. It was in answer to that proposition that the foregoing statement from the opinion on rehearing seems to have been made. In the case at bar the City is insisting that the three subdivisions comprise one tract of land, and, therefore, the appellants should not be permitted to protest the annexation of only one of them. The statement in the Lewis case seems to be in direct conflict with the part of the Statute under consideration, for it is expressly stated therein that the protestants shall set forth the reason why such territory, or any part thereof, should not be annexed. But, aside from this, further examination of the quotation from the opinion in the Lewis case shows that the Court recognized there might have been some force to the contention made therein if the territory had laid in separate and disconnected parcels. There are involved in this case three separate subdivisions, two of them lying on one side of Third Street, and the one wherein the protestants reside on the other side of that street. Clearly these are separate and distinct territories. While the different plans and restrictions concerning the development of the subdivisions are not before us, it is common knowledge that practically all subdivisions have their peculiar restrictions, building provisions and plans of development. We think the Statute means what it says, and that a reasonable and practical interpretation thereof would permit residents or freeholders in any one of the three subdivisions involved in the proposed annexation to make protest, in so far as their respective subdivisions are concerned.

72

A motion was made to transfer the cause to the ordinary docket. It should have been sustained, in view of the provisions of KRS 81.110 to the effect that the petition shall be filed in the circuit court of the county and the case tried according to the practice prescribed for the trial of jury cases. The City makes some point of the fact that Section 2762 of the Kentucky Statutes, which became a part of KRS 81.110, provided that the petition should be filed in the circuit court of the county, or any branch thereof having jurisdiction in civil cases, in insisting that the cause should not have been transferred to the ordinary docket. The point is made that the Statute as it originally stood contemplated that such a petition might be filed in either the Chancery or Common Pleas Branch of the Circuit Court of Jefferson County. We are not in accord with this view. Rightly or wrongly, the provisions of the Statute under consideration contemplated that the issues in a cause such as the one here involved should be tried according to the practice prescribed for the trial of jury cases.

A further question relates to the ruling of the chancellor in denying the appellants the right to file an amended petition as individuals after the 30-day period prescribed in the Statute for the filing of a petition had expired. Obviously, it is unnecessary to discuss this question, in view of our ruling on the sustaining of the special demurrer.

Wherefore, the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.