James H. GARNER et al., Appellants,

v.

CITY OF LEXINGTON, a Municipal Corporation, Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1957.

Peter, Heyburn & Marshall, Gavin H. Cochran, and Charles F. Wood, Louisville, for appellant.

Harry L. Hargadon, James P. Meagher, Louisville, for appellees.

Frank S. Ginocchio, Wheeler B. Boone, Lexington, for appellants.

Stoll, Keenon & Park, Lexington, for appellees.

CLAY, Commissioner.

We have before us a phase of an annexation proceeding. The plaintiffs' complaint, attacking as void an ordinance proposing annexation, was dismissed.

By ordinance enacted in August 1955, the City of Lexington proposed to annex an adjacent area of unincorporated territory. Plaintiffs, residents and freeholders of that territory, timely filed a remonstrance suit objecting to the proposed annexation as authorized by KRS 81.140 (under the procedure outlined in KRS 81.110).

Approximately one year later in 1956, *while this remonstrance suit was pending,* the City enacted a new ordinance wherein it proposed to annex a part of the original territory owned by the International Business Machines Company. IBM apparently consented to the annexation of its property. The 1956 ordinance specifically provided the earlier ordinance was not repealed or affected as to "other territory described

therein". It is this last ordinance which is attacked in the proceeding before us.

Due to the faulty description in the 1956 ordinance, there is some dispute concerning the territory encompassed, but for our purposes we will assume plaintiffs do not own any part of the property sought to be annexed by this ordinance.

Both the plaintiffs and the City moved for summary judgment. The principal contention of the City is that under KRS 81.-110 the proposed annexation of the IBM property cannot be contested by the plaintiffs because they are not "residents or freeholders of the territory proposed to be annexed". On the other hand, the plaintiffs assert they are entitled to a summary judgment on the ground the ordinance proposing to annex the IBM property is void. Their position is the City legislative body had no power to annex a part of the larger territory, since the annexation of all the territory and each of its parts was within the exclusive jurisdiction of the Fayette Circuit Court by reason of the original remonstrance suit. Other issues are raised, but these contentions present the principal question in the case.

We do not find merit in the basic argument of the City that the plaintiffs have no right to challenge this ordinance. The contention is founded on a misconception of the nature of this suit. It is not a remonstrance suit under KRS 81.110. It does not raise the issue of whether or not the City had sufficient reason to annex the IBM property. The proceeding challenges the ordinance on the ground the City has no power to proceed in this manner.

The validity of an annexation ordinance may be questioned independently of a remonstrance suit. See KRS 81.140; City of Bardstown v. Hurst, 121 Ky. 119, 89 S.W. 147, 724; City of Newport v. Glazier, 175 Ky. 608, 194 S.W. 771. This action, though in the form of an independent one, is actually a direct attack upon the ordinance in a proceeding ancillary to the

---

original remonstrance suit. As a mattter of fact, the proceeding simply seeks to abate a course of procedure taken by the City to annex property subject to the jurisdiction of the Fayette Circuit Court. Not only could the plaintiffs come into court to raise the issue presented, but they were already in court on the question of whether or not this IBM property should be annexed by virtue of the original ordinance and the remonstrance suit. We conclude the plaintiffs may properly challenge the 1956 ordinance.

This brings us to the fundamental question in the case. May a city of the second class, having proposed by ordinance the annexation of unincorporated territory, and while the circuit court has jurisdiction of the proposal by reason of a pending remonstrance suit, undertake by independent ordinance to annex a part of that territory?

It should be noted that the ordinance in issue only *proposes* the annexation of the IBM property. From the oral argument we understand that the City has treated this property as annexed territory, but we do not have before us a final ordinance prescribed by KRS 81.100 making effective the proposed annexation, nor do we have before us any actions taken by the City subsequent to the 1956 ordinance. Our question is whether this ordinance was effective to initiate the annexation of the IBM property solely by the legislative process.

The procedure for the annexation of unincorporated territory by a city of the second class is outlined in KRS 81.110 and 81.140. The City by ordinance may propose annexation. The residents or freeholders of the territory may file a remonstrance suit protesting the annexation. The remonstrance suit shall be tried by the judge of the circuit court. In the proceeding the circuit court may decree "that only a part or parts of the territory proposed to be annexed shall be annexed". KRS 81.140(5). After the court acts, the city legislative body may thereupon annex the territory authorized by the judgment.

The procedure prescribed by the statutes takes no cognizance of a secondary ordinance such as the one under attack. Plaintiffs contend that it violates the jurisdiction of the circuit court over this territory. We agree.

In City of Bardstown v. Hurst, 121 Ky. 119, 89 S.W. 147, 724, above cited, the legislative body of the City of Bardstown had enacted an ordinance proposing annexation of certain territory. A remonstrance suit was filed 31 days after the enactment of this ordinance. The City, conceiving that the suit was filed too late (the time allowed being 30 days) thereafter enacted a second ordinance declaring the territory annexed. This Court decided that the second ordinance was void on the ground that the question of timely filing of the remonstrance suit was before the circuit court, and the City had no power to act while the suit was pending. The opinion states, page 149 of 89 S.W.:

> "The *filing of the petition* before there had been four publications of the first ordinance, and before the enactment of the final ordinance, *interposed a legal barrier to further action on the part of the city council* in the matter of annexing to the appellant city the desired territory until the circuit court determined all questions arising upon the petition. In other words, the filing of the petition took from the city council and *transferred to the circuit court* and left to its decision the question of whether or not the additional territory desired by the appellant city should be annexed." (Our emphasis.)

The City argues that this case has no possible bearing on the question before us, apparently because the second ordinance in that case undertook to annex the *entire area* involved in the remonstrance suit in which the remonstrators were admittedly freeholders. This seems to be a distinction without a difference. The principle

laid down in the Hurst case was that once a proposed annexation was brought before the circuit court by a remonstrance suit, that court had exclusive jurisdiction in determining whether or not that territory should be annexed. Clearly the whole must include all of its parts.

Donovan v. City of Louisville, Ky., 299 S.W.2d 636, 639, recently decided, throws some light on our problem. In that case in an annexation remonstrance suit the circuit court entered a partial summary judgment approving the annexation of a part of territory sought to be annexed. Under the statute relating to first class cities (KRS 81.110), we held the legislature had not authorized piecemeal annexation of a larger unit of territory proposed to be annexed. We therein discussed the nature of the annexation process and observed that the orderly procedure prescribed by the statute must be followed.

In cities of the second class the legislature has specifically authorized the annexation of a part of an area proposed to be annexed. (KRS 81.140(5). The power to do so, however, is vested in the circuit court upon the filing of a remonstrance suit. Following the reasoning of the Donovan case that annexation shall be accomplished only in the manner prescribed by the legislature, we find no semblance of statutory authority permitting a second class city to initiate this kind of secondary piecemeal annexation.

The legislature has, however, provided that in a remonstrance suit arising out of an annexation proceeding by a second class city the circuit court may take such action. The judicial process is an integral part of the orderly annexation procedure. See Lewis v. Town of Brandenburg, 105 Ky. 14, 47 S.W. 862, 48 S.W. 978. We are impelled to the conclusion that while a remonstrance suit is pending which involves a unit of territory sought to be annexed, the circuit court has exclusive jurisdiction to determine whether or not a part thereof should be annexed. The

City has no power or authority to enact legislation which invades the court's jurisdiction of the subject matter. The ordinance under consideration was therefore unauthorized and ineffective as an independent legislative means of accomplishing annexation.

Practical considerations point to the soundness of this conclusion. The City initiated the proposed annexation of a particular unit of territory (including IBM). The statute gave the freeholders or residents of that territory a special right to a judicial determination of whether or not the facts authorized such legislative action. Lewis v. Town of Brandenburg, 105 Ky. 14, 47 S.W. 862, 48 S.W. 978. The plaintiffs are put to the trouble and expense of preparing to challenge the City's proposal. The court is called upon to exercise its judicial powers in the conduct of this litigation. If the City could by independent action proceed to take from the court's jurisdiction parts and parcels of the subject matter before it, chaotic conditions would prevail. It would not only constitute an ex parte impairment of the plaintiffs' rights, but would interfere with the proper functioning of the court.

The City insists that the plaintiffs could not be prejudiced by this particular action taken by it. However, if we approved such method of procedure, we would recognize the right of the City to enact an endless number of similar ordinances which would wreck the procedural plan prescribed by the legislature.

There are undoubtedly other means by which the City might accomplish its objective with respect to the IBM property, and we understand that at least one of these other means was called to the attention of the City by plaintiffs' counsel sometime ago. We, of course, do not have before us and express no opinion concerning available other methods of procedure the City may wish to take.

We are of the opinion the trial court improperly dismissed plaintiffs' complaint, and

that summary judgment should have been entered in their favor declaring the 1956 proposed annexation ordinance ineffective to initiate annexation of the IBM property independently of the Fayette Circuit Court.

The judgment is reversed with directions to enter a judgment consistent with this opinion.