

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00512-CR

Jose **GUEVARA-MOLINA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 24-06-0163-CRA
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:   H. Todd McCray, Justice

Sitting:      Rebeca C. Martinez, Chief Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: March 25, 2026

AFFIRMED

Jose Guevara-Molina appeals the judgment convicting him of six counts of possession of child pornography and sentencing him to sixty-eight years' confinement on each count. Because we find the evidence legally sufficient to support Molina's conviction and conclude that he waived his evidentiary argument, we affirm the judgment of the trial court.

**FACTUAL BACKGROUND**

Molina and Elidia Calvillo were in a romantic relationship for many years. This case revolves around several sexually explicit photos of Elidia's youngest daughter that were found on Molina's cell phone. The case began after a family member discovered disturbing communications between Elidia and Molina on Elidia's cell phone. Many of the text messages seemed to indicate that Elidia and Molina were engaging in sexual "role play," with Elidia pretending to be her youngest daughter. Officers began an investigation, during which they obtained a search warrant for Molina's cell phone. Investigators seized Molina's phone and conducted a forensic extraction of the device. The extraction recovered several images of a child that were sexual in nature.

During an investigative interview, Molina acknowledged that the phone in question belonged to him and stated that he had possessed the phone for approximately one year. When investigators questioned him about the images recovered from the device, Molina acknowledged the images depicted Elidia's ten-year-old daughter and identified her by name.

A jury eventually found Molina guilty of six counts of possession of child pornography. The trial court entered judgment on the verdict and assessed punishment at sixty-eight years' confinement on each count.

**SUFFICIENCY OF THE EVIDENCE**

Molina challenges the legal sufficiency of the evidence supporting his conviction. He contends that the State failed to prove he knowingly possessed the images recovered from his phone. Our review is governed by the standard establish in *Jackson v. Virgina*, 443 U.S. 307 (1979). *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (stating that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that

the State is required to prove beyond a reasonable doubt"). We therefore view all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may resolve conflicts and draw reasonable inferences from the evidence. *Id*.

To support a conviction for possession of child pornography, the State was required to show that Molina intentionally or knowingly possessed visual material depicting a child engaged in sexual conduct. *See* TEX. PENAL CODE ANN. § 43.26. Possession may be established through direct or circumstantial evidence showing the defendant exercised actual care, custody, control, or management over the material and knew its character and content. *See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

The State presented evidence linking the images in question directly to appellant's personal cellular telephone. Investigators seized the cell phone directly from Molina's person. During his interview with law enforcement, Molina acknowledged the phone belonged to him, recited the phone number associated with the device, and stated he had possessed it for approximately one year. From this evidence, the jury could reasonably conclude the phone and its contents were under Molina's custody and control.

A forensic examination of the device revealed seven images depicting sexual conduct involving a child. The forensic examiner testified that the images were recovered from the phone's file structure and could also be viewed directly in the device's photo gallery. The images were also located in a separate Samsung "private folder" accessible only to the phone's user. Evidence that the images appeared in more than one location on the device permitted the jury to reasonably infer

the images had been retained or stored by the phone's user rather than appearing inadvertently or without the user's knowledge.

Molina's own statements during the interview further support the inference that he was aware of both the existence and the character of the images on his phone. When confronted with the photographs recovered from the phone, Molina acknowledged that they depicted Elidia's youngest daughter and identified her by name and age. He did not seem surprised by the existence of the photos and admitted that Elidia often sent him photographs of her daughters, including pictures he described as showing the girls' "ninis." He also acknowledged text communications with Elidia concerning the photos and stated that possessing the photos was "shitty." The jury could consider these statements in evaluating whether Molina knew of the images recovered from his phone and understood their nature.

The jury also considered text messages between Molina and Elidia in which they engaged in conversations referencing the child depicted in the photos and the body parts shown in the images. At times, the messages suggested Elida was speaking as though she were the child herself. These communications permitted the jury to infer that the images served as a reference point for the conversations or that the communications provided a motive for Molina to retain the images on his phone.

This combination of forensic evidence and Molina's own admissions provided the jury with ample circumstantial evidence from which it could conclude he knowingly possessed the images. Molina nevertheless argues that the evidence is insufficient because the State did not prove he created, saved, moved, or otherwise manipulated the files on the phone. However, the statute does not require such proof. Section 43.26 requires proof that a defendant knowingly possessed visual material depicting a child engaged in sexual conduct; it does not require proof that the

defendant generated, edited, organized, or otherwise manipulated the material on the device. *See* TEX. PENAL CODE ANN. § 43.26. Molina also argues the State failed to establish when the images were accessed or viewed. But again, the offense criminalizes knowing possession of prohibited visual material, not proof that a defendant viewed the images. Possession may be established through circumstantial evidence demonstrating control over the device and awareness of the nature of the material stored on it.

Molina frames his sufficiency challenge in terms of the absence of certain "*Krause* factors." *See Krause v. State*, 243 S.W.3d 95 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). However, *Krause* does not establish a controlling multi-factor test for determining knowing possession of digital images. Rather, it discusses examples of circumstantial evidence that support knowledge in the particular facts of that case. Sufficiency review remains governed by *Jackson v. Virginia*, which requires consideration of the combined force of all the evidence in the light most favorable to the verdict. *See Brooks,* 323 S.W.3d at 895; *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Even considering the types of circumstances discussed in *Krause*, the record here contains comparable evidence supporting the jury's inference of knowledge. The images were recovered from Molina's personal phone, were present in more than one location on the device, and Molina acknowledged both ownership of the phone and the identity of the child depicted. Considering the combined force of the evidence and reviewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could conclude beyond a reasonable doubt that Molina knowingly possessed child pornography. *See Gant v. State*, 278 S.W.3d 836, 842 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding circumstantial evidence sufficient to support inference

of knowing possession of child pornography stored on computer). Accordingly, the evidence is sufficient to support the convictions.

## ADMISSION OF EVIDENCE

We next address Molina's contention that the trial court erred by admitting his text messages with Elidia over his hearsay objections. In order to preserve a complaint for appellate review, a party must make a timely objection, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). An objection "must be specific enough so as to let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Resendez v. State*, 306 S.W.2d 308, 313 (Tex. Crim. App. 2009) (quoting *Lankston v. State,* 827 S.W.2d 907, 909 (Tex. Crim. App.1992)).

The legal basis of a complaint raised on appeal cannot vary from that raised at trial. *See Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017) (observing the need for the trial objection to comport with the appellate argument); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014) (stating "the point of error on appeal must comport with the objection made at trial"). While Texas law does not require "magic words" to preserve appeal, the sufficiency of an objection turns on whether the trial court was given a fair opportunity to rule on the specific legal issue. *See Bekendam*, 441 S.W.3d at 300. Where the objection does not clearly reference the legal basis for the complaint and that basis is not apparent from the context, error is not preserved. *Pena v. State*, 285 S.W.3d 459, 463 (Tex. Crim. App. 2009).

At trial, the State introduced thirty-five photographs of Facebook Messenger conversations between Molina and Elidia. Defense counsel objected to Elidia's statements as follows: "I'm going

to object to statements made by the mother, Elidia, because she could have been subpoenaed but she's not here. And, as such, I'm going to assert that they're hearsay." He made no objection as to Molina's own statements in the messages, nor did he object to the authentication of the messages. However, on appeal, Molina asserts that the messages were inadmissible hearsay because Molina's statements were not properly authenticated as being authored by him or from a Facebook account that was controlled by him. Because the record contains nothing to suggest that the trial court was put on notice as to any issue with the authentication of the messages or appellant's statements, we conclude that Guevara Molina has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a).

Even assuming Molina preserved his complaint, the trial court did not abuse its discretion in admitting the messages. There is sufficient circumstantial evidence to support authentication of the messages as to appellant. Several witnesses testified that Molina was the sender/recipient in the chats based on the use of his name, photos, and unique identifying information contained in the messages. Molina's admissions in both the message threads and custodial interview provided a further connecting link. He admitted to sending and receiving such messages and described their substance in a way that matches the content of the exhibits. Finally, forensic investigators tied Molina's phone to his Facebook accounts and photos and testified that file paths showed images saved from Facebook Messenger into the device. These facts, taken as a whole, support a conclusion that a jury could reasonably find the messages authentic. *See Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *see also Villarreal v. State*, No. 04-13-00553-CR, 2015 WL 1939284, at *7-8 (Tex. App.— San Antonio Apr. 29, 2015, no pet.) (mem. op., not designated for publication).

To the extent Molina's hearsay complaint concerns the statements he made in the messages, the statements are admissions of a party opponent pursuant to Rule 801(e)(2)(A) and are not hearsay. *See* TEX. R. EVID. 801(e)(2)(A); *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999); *see also Daniels v. State*, No. 04-21-00471-CR, 2023 WL 4921927, at *3 (Tex. App.—San Antonio Aug. 2, 2023, no pet.) (mem. op., not designated for publication). To the extent Molina complains of Elidia's statements in the messages, those statements were likewise admissible. Texas courts have long recognized that statements of the other participant in a conversation may be admitted, not for the truth of the matter asserted, but to place the defendant statements in context and render them intelligible to the factfinder. S*ee, e.g., Patterson v. State*, 606 S.W.3d 3, 34 (Tex. App.—Corpus Christi–Edinburg 2020, pet. ref'd); *Jones v. State*, 466 S.W.3d 252, 266 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *Kirk v. State*, 199 S.W.3d 467, 479 (Tex. App.—Fort Worth 2006, pet. ref'd). Accordingly, the trial court did not abuse its discretion in admitting the text messages.

Having overruled both of Molina's issues, we affirm the trial court's judgment.

H. Todd McCray, Justice

DO NOT PUBLISH