## Town of Bloomfield, et al. v. Muir, et al.

(Decided November 18, 1927.)

### Appeal from Nelson Circuit Court.

1. Municipal Corporations.—In proceedings by freeholders of territory proposed to be annexed to town, resisting annexation, proportion of resident freeholders remonstrating held determinable by amended petition of over 75 per cent. of such resident freeholders under Ky. Stats., section 3665, notwithstanding original petition, required to be filed within 30 days after enactment of ordinance, contained less than 75 per cent. of resident freeholders.

2. Municipal Corporations.—In proceedings by resident freeholders under Ky. Stats., section 3665, in opposition to annexation or striking off of territory from town, it is immaterial that some of remonstrants, constituting 75 per cent. required by statute, are not parties to action.

3. Municipal Corporations.—Under Ky. Stats., section 3665, restricting annexation or reduction of territory of town, where 75 per cent. of freeholders of territory to be annexed or stricken off remonstrate, number of remonstrants is to be determined at time of sub-

mission of case, and it may be then shown that persons originally remonstrating have withdrawn their remonstrances, or that those other than parties have remonstrated.

4. Municipal Corporations.—Where more than 75 per cent. of resident freeholders of territory sought to be annexed to town remonstrated, burden was on town and its officers, under Ky. Stats., section 3665, to show that failure to annex would materially retard prosperity of town and of owners and inhabitants of territory sought to be annexed.

5. Municipal Corporations.—In proceeding by resident freeholders of territory proposed to be annexed, resisting such annexation under Ky. Stats., section 3665, in which 75 per cent. of such freeholders remonstrated, refusal of chancellor to approve annexation was proper, where town had no water or sewage system, and only volunteer fire department, and had property of assessed valuation of approximately $516,000, and where large portion of territory proposed to be annexed was inaccessible farming land, requiring construction and maintenance of streets.

OSSO W. STANLEY and MORGAN YEWELL for appellants.

ERNEST N. FULTON and WILL H. FULTON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Bloomfield is a town of the sixth class, and, by an ordinance duly passed by its board of trustees on November 17, 1925, it sought to annex to its corporate limits certain adjacent territory containing 61 acres of land. The area of the present boundary of the town is 125 acres.

Within 30 days after the enactment of the ordinance, the appellee, Nat J. Muir, and 30 others, who were resident freeholders of the territory proposed to be annexed, filed their petition in the circuit court, setting forth reasons why the territory should not be annexed to the town. More than 30 days after the enactment of the ordinance an amended petition was filed, in which a number of others who were resident freeholders of the territory proposed to be annexed resisted the annexation. It is conceded that, if only the original petition is considered, less than 75 per centum of the resident freeholders remonstrated, but, if the amended petition is considered, more than 75 per centum of the resident freeholders remonstrated.

Section 3665 of the Kentucky Statutes provides in part that:

"If the court be satisfied, upon the hearing, that less than seventy-five per cent. (75%) of the free-

holders of the territory to be annexed or stricken off have remonstrated, and that the adding or striknig off of such territory to the town will be for its interest, and will cause no material injury to the persons owning real estate in the territory sought to be annexed or stricken off, it shall so find, and said annexation or reduction shall be approved. Either party may appeal to the Court of Appeals. If the court shall be satisfied that seventy-five per cent. (75%) or more of the resident freeholders of the territory sought to be annexed or stricken off have remonstrated, then such annexation or reduction shall not take place, unless the court shall find from the evidence that a failure to annex or strike off will materially retard the prosperity of such town and of the owners and inhabitants of the territory sought to be annexed or stricken off. In case the court shall so find, the annexation or reduction shall take place, notwithstanding the remonstrance.''

It will be noted that the determination of the question whether 75 per centum of the freeholders have remonstrated is important. If less than that per centum of the freeholders of the territory proposed to be annexed have remonstrated, the court in some cases would be authorized to approve the annexation, while under the same state of facts, if more than 75 per centum of the resident freeholders have remonstrated, the court would not be authorized to approve the annexation.

It is insisted by appellants that the petition required by the statute to be filed within 30 days after the enactment of an ordinance proposing to annex territory to any town is the remonstrance, and that the number of those who have remonstrated must be determined from the petition filed within the allotted time, and that the amended petition in this case should not be considered in ascertaining the number of resident freeholders who remonstrated.

The statute provides that one or more residents or freeholders of the territory proposed to be annexed may file a petition in the circuit court. The petition must be filed within 30 days after the enactment of the ordinance. When the petition is filed, the annexation proceedings are suspended until a judicial determination is had, and it is the purpose of the statute to limit the time within which interested persons may begin proceedings to pre-

vent the proposed annexation. Whether or not all the remonstrants are parties to the action is immaterial. A petition having been filed by one or more residents or freeholders, the number of those remonstrating becomes a matter of proof. It may be shown that some of those who have remonstrated have withdrawn their remonstrance, or that others than those who are parties to the action have remonstrated, and the number of remonstrants at the time the case is submitted should control.

It appears from the evidence that the assessed valuation of the property in Bloomfield for the purpose of taxation is $516,436, consisting of real estate of the value of $398,175, and personal property of the value of $118,-261. It has no water system and no sewerage system. It has a volunteer fire department, and owns two chemical engines for fighting fires; one mounted upon an automobile chassis and one propelled by hand. The police department consists of one policeman. In the territory sought to be annexed there are 37 residences, in which reside 110 people. The assessed valuation of the property in the territory proposed to be annexed, as listed by the county assessor for taxation, is $92,970.

The chancellor in a well-considered opinion found that a large portion of the territory proposed to be annexed is farming land, and, on account of the topography is inaccessible, and could not be utilized for building purposes without the opening and building of streets through the territory; that the town of Bloomfield is financially unable to assume the task of opening, constructing and maintaining streets through this territory, and its annexation would be a disadvantage to the city, and without any benefit to the owners of the property in the territory.

The evidence shows there are a number of vacant lots within the present corporate limits, and the past history and present prospects of the town do not warrant the assumption that its prosperity will be retarded by reason of the lack of building space. The revenues, even if augmented by the small amount of taxes that would be collected in the territory proposed to be annexed, are not sufficient to enable the municipality to construct streets and provide lights and other things which it would be its duty to furnish.

More than 75 per centum of the resident freeholders having remonstrated, the burden was on appellants to show that a failure to annex would materially retard the

prosperity of the town and of the owners and inhabitants of the territory sought to be annexed. This burden they failed to sustain, and the chancellor, under the broad discretion vested in him by the statute, properly refused to approve the annexation.

Judgment affirmed.