**ADKINS et al.**

v.

**CITY OF PINEVILLE.**

Court of Appeals of Kentucky.

June 23, 1954.

Rehearing Denied Oct. 29, 1954.

Logan E. Patterson, James S. Wilson and Floyd Taylor, Pineville, for appellants.

Cleon K. Calvert, Pineville, Louis Cox, Hazelrigg & Cox, Frankfort, for appellee.

DUNCAN, Judge.

Over the remonstrance of a majority of the residents of the affected area, the lower court decreed annexation by the City of Pineville of 107 plus acres which lie immediately contiguous to the city, adjacent to its present western limits. The territory proposed to be annexed, known as The Highlands, is entirely residential property and includes some of the most desirable and expensive residences in the Pineville area.

At the outset, we are met by counsels' conflicting views as to the construction of the statute which controls this proceeding both in respect to the facts necessary to sustain annexation and the burden of proving such facts. Pineville is a city of the fourth class, and protest against the proposed annexation is controlled by KRS 81.220. Cases construing the statute controlling annexation by other classes of cities are cited by appellants in support of their contention that the burden of proof is upon the city where remonstrance is by a majority of the affected residents. KRS 81.110 controls protest against annexation or reduction of territory by a city of the first class. The same procedure, except as to a trial of the issues before a jury, governs protest against annexation or reduction of territory by cities of the

second class, KRS 81.140; cities of the third class, KRS 81.190; and cities of the fifth and sixth classes, KRS 81.150.

Protest against annexation or reduction of territory by a city of the fourth class is controlled by KRS 81.220, which provides standards for decreeing or denying annexation or reduction materially different from other class cities. In cities other than those of the fourth class, if less than 75% of the freeholders of the territory to be annexed or stricken have remonstrated, and it appears that the adding or striking of the territory will be for the benefit of the city and will cause no manifest injury to the persons owning real estate in the territory, the annexation or reduction shall be decreed. If 75% or more of the resident freeholders of the affected territory have remonstrated, the annexation or reduction shall not take place unless it is affirmatively shown that a failure to annex or strike will materially retard the prosperity of the city and of the owners and inhabitants of the territory sought to be annexed or stricken. In proceedings to which these standards are applicable, we have held that the burden is on the remonstrants where they constitute less than 75% of the resident freeholders, but shifts to the city in the event 75% or more of the freeholders join in the remonstrance. Masonic Widows and Orphans Home and Infirmary v. City of Louisville, 309 Ky. 532, 217 S.W.2d 815; Town of Bloomfield v. Muir, 221 Ky. 815, 299 S.W. 976; Adams v. City of Jeffersontown, 240 Ky. 482, 42 S.W.2d 704.

■ Under KRS 81.220, if less than a majority of the resident voters remonstrate against the change, and the extension or reduction will be for the interest of the city and will cause no material injury to the property owners within the affected territory, the annexation or reduction shall be decreed. If a majority of the resident voters or owners of property within the territory remonstrate, and the change will cause material injury to such owners, the extension or reduction shall be denied. The latter section leaves much to be desired so far as clarity is concerned. However, it is clear under this section that, in case of remonstrance by a majority of the voters or property owners, the single question presented for determination is whether the change will cause material injury to the owners of real estate in the territory sought to be annexed or stricken. City of Ludlow v. Ludlow, 186 Ky. 246, 216 S.W. 596. Whether a greater burden is cast on a remonstrating majority than on less than a majority is not presently material.

■ We think the evidence clearly shows that the proposed annexation will cause no material injury to the owners of real estate within the proposed annexation, nor is the case so close as to turn upon a determination of which side has the burden of proof. It would unnecessarily lengthen the opinion to discuss in detail the evidence introduced on each side of the controversy. A number of reasons are assigned as a basis for the contention that the property owners will suffer material injury on account of the annexation. Most of the reasons suggested are more fanciful than factual. When analyzed, they boil down to the fundamental objection that municipal taxes will be imposed without corresponding benefit to the owners. The fact that the owners of property in the annexed territory will be compelled to pay taxes to the city is not the character of injury contemplated by the statute. City of Ludlow v. Ludlow, supra.

■ Typical of the reasons assigned why the property owners will be materially injured by the annexation is the suggestion that the property within The Highlands area is protected by restrictive covenants as to the quality and type of improvements which may be erected, whereas the City of Pineville has consistently refused to enact any zoning laws to furnish protection of a similar character. It seems absurd to insist that annexation will alter or affect the present restrictive covenants under which this property is held or that the absence of zoning regulations within the city would permit improvements prohibited by such covenants.

While there, of course, will be additional taxes, the evidence discloses that there is a

probability that they will be completely or substantially offset by a reduction in fire insurance rates. In addition to a reduction in insurance rates, the property owners, as residents of the city, will have police protection, fire protection, and, in the foreseeable future, a better water supply, street lighting, and sewers.

From the record before us, we have no trouble in concluding that the evidence is sufficient to sustain the Chancellor's finding that the proposed annexation will cause no material injury to the owners of real estate within its limits.

The judgment is affirmed.