CASE 59.—SUIT BY LENOX LAND COMPANY AND BY THE NEW LOUISVILLE JOCKEY CLUB AGAINST THE CITY OF OAKDALE.—March 10, 1910.

## Lenox Land Co. v. City of Oakdale
## New Louisville Jockey Club v. Same

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for defendant, plaintiffs appeal.—Affirmed.

1. Constitutional Law—Eminent Domain—What is Taking—Due Process of Law—Annexation of Territory to Cities.—The constitutional guaranty that no person shall be deprived of his property without due process of law, and that property shall not be taken without compensation, has no application to the annexation of territory to a municipality.

2. Municipal Corporations—Annexation of Territory—Legislative Authority—Notice.—The extension or reduction of the boundary of a city or town is a purely political matter, and entirely within the power of the Legislature, and beyond the control of the courts, and hence it is no objection to a statute regulating such proceedings that the notice is insufficient; it being entirely within the power of the Legislature to authorize such proceedings without any notice.

FRED FORCHT, JR., D. W. BAIRD, WM. H. FIELD and FLEXNER & CAMPBELL for appellants.

EDWARDS, OGDEN & PEAK and WM. MIX for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

These two appeals involving the same questions will be disposed of together.

Oakdale is a city of the fifth class. Section 3611, Ky. St., a part of the charter of fifth-class cities, provides that: "Whenever it is deemed desirable to annex any territory to any city of this class, or to reduce the boundaries thereof, the city council thereof may enact an ordinance defining accurately the boundary of the territory proposed to be annexed or stricken off, and such ordinance shall thereupon be published in at least ten issues of the daily paper published in the city; or if there be no daily paper published in the city, then in at least four issues of a weekly paper published in the city; or if there be no daily or weekly paper published in the city, then by posting copies of the ordinance for at least ten days in four of the most public places in the city. In not less than thirty days after the enactment of such ordinance, if the publication or notice, as herein provided has been made or given, and no petition is filed in the circuit court, as provided in the next section, the city council may, by ordinance, annex to the city the territory described in the ordinance hereinbefore mentioned, or reduce the limits, as the case may be; and upon the enactment of such ordinance, such territory shall become a part of such city, or shall be stricken therefrom." In section 3612, it is provided that: "Within thirty days after the enactment of an ordinance proposing to annex territory to any city, or to reduce the limits thereof, one or more residents or freeholders of the territory proposed to be annexed or stricken off may file a petition in the circuit court of the county, setting forth the reasons why such territory or any part thereof should not be annexed, or why the limits should not be reduced. The case shall

be tried according to the rules and practice prescrib-
ed for the trial of equity causes, but without the in-
tervention of a jury. If the court be satisfied upon
the hearing, that less than seventy-five per cent. of
the freeholders of the territory to be annexed or
stricken off have remonstrated, and that the adding
or striking off of such territory to the city will be for
its interest, and will cause no manifest injury to the
persons owning real estate in the territory sought to
be annexed or stricken off, it shall so find, and
said annexation or reduction shall be approved and
become final. If the court shall be satisfied that
seventy-five per cent. or more of the resident free-
holders of the territory sought to be annexed or
stricken off have remonstrated, then such annexation
or reduction shall not take place, unless the court
shall find from the evidence that a failure to annex
or strike off will materially retard the prosperity of
such city and of the owners and inhabitants of the
territory sought to be annexed or stricken off. In case
the court shall so find, the annexation or reduction
shall take place, notwithstanding the remonstrance.
There shall be no appeal from the judgment of the
court, and there shall be no change of venue from the
county. Costs shall follow the judgment. If the
judgment of the court be adverse to the annexation or
reduction, no further effort to annex or strike off
such territory shall be made within two years after
the rendition of such judgment.''

In 1908 the council of Oakdale, by appropriate or-
dinances following in all respects the provisions of
the statute, annexed to the city adjacent territory
owned by the New Louisville Jockey Club and the
Lenox Land Company. In 1909, more than six
months after the ordinance annexing the territory be-

came effective, the appellants filed their respective petitions, setting out the annexation of the territory in pursuance of the ordinances, and alleging that, as there was neither a daily nor weekly paper published in the city of Oakdale, the ordinances were posted in public places, as required by the statute, but that neither of the plaintiffs had any notice that the city proposed to enact the ordinances, or either of them, and consequently had no opportunity to file in the circuit court, within 30 days after the ordinance proposing the annexation was passed, a petition setting forth the reasons why such territory should not be annexed. They further averred that neither of them resided in the city of Oakdale, nor did either of them have any occasion to go there during the time the ordinances were posted; that if they had had any notice or knowledge of said ordinances, or either of them, they would within the 30 days allowed by the statute have filed a suit in the Jefferson circuit court, setting forth the reasons why the territory should not be annexed to the city of Oakdale. They further averred that the requirement that the notices shall be posted in four of the most public places in the city is wholly insufficient to warn or bind persons whose property lay outside of the corporate limits of the city, and is and was no notice whatever; that the attempt to make the posting of copies of the preliminary ordinances for 10 days, at four of the most public places in the city, notice to the plaintiffs whose property was outside of the corporate limits was an exercise of arbitrary and absolute power, in contravention of section 2 of the Constitution of Kentucky, and operated to deprive the plaintiffs, and all persons resident and freeholders in the territory sought to be annexed, of their property without due process of

law, and without compensation, in contravention of
sections 11 and 13 of the Constitution of Kentucky,
and section 1 of the fourteenth amendment   to   the
Constitution of the United States; that in the other
classes of cities the provisions  of   their   respective
charters in reference to the annexation of territory is
different from those regulating cities of   the   fifth-
class, and of such a character as that persons owning
territory proposed to be annexed may have ample
notice of the proposition to annex, and opportunity
to protest against it; but that the provisions relating
to the annexation of territory for   fifth-class   cities
contains no requirement that notice shall   be   given
other than the posting of the ordinances in the man-
ner described in section 3611 of the Kentucky Statutes
if no paper is published in the city; and that these
sections, differing in important and material respects
from the sections relating to the annexation of ter-
ritory in other classes, discriminate against the own-
ers of property sought to be annexed to fifth-class
cities, and deprive them of their property  without
just or any compensation, and deny them the equal
protection of the laws of the state of Kentucky and
of the Constitution  of   the   United   States.   They
further set up that after the annexation, the city au-
thorities of Oakdale levied a tax of 75 cents on each
$100 worth of property within the corporate limits,
including the property of these plaintiffs, annexed as
hereinbefore set out, and were attempting to enforce
the collection of the tax, and would do so unless re-
strained.   They asked for an injunction perpetually
enjoining the collection of the taxes.   Upon hearing
the cases the petitions were dismissed.

If the constitutional provision protecting property
owners from being deprived of their property with-

out due process of law, or from having their property taken without just compensation, applied to the annexation of territory, the position of counsel for appellants would be well taken.   But it has been repeatedly announced, by this court and others, that the question of due process of law or the taking of property without compensation has no application to the annexation of territory to a municipality.   The extension or reduction of the boundaries of a city or town is held, without exception, to be purely a political matter, entirely within the power of the Legislature of the state to regulate.   The established doctrine is that the state Legislature has the unlimited right to pass such laws for the annexation of territory to municipal corporations as in its judgment will best accomplish the desired end, and that a different method may be provided for each class.   It may, if it chooses, direct that notice shall be given personally to each individual owner of property sought to be annexed, or that notice by publication shall be given, or that notice by posting copies of the ordinance at any place shall be sufficient, or it may provide that no notice at all need be given.   In short, the manner of annexation is entirely beyond the power of the courts to control if the provisions of the statute are followed.   Carrithers v. City of Shelbyville, 126 Ky. 769, 104 S. W. 744, 31 Ky. Law Rep. 1166, 17 L. R. A. (N. S.) 421; Miller v. City of Pineville, 121 Ky. 211, 89 S. W. 261, 28 Ky. Law Rep. 379; City of Bardstown v. Hurst, 121 Ky. 119, 89 S. W. 147, 724, 28 Ky. Law Rep. 92, 603; Lewis v. Brandenburg, 105 Ky. 14, 47 S. W. 862, 48 S. W. 978, 20 Ky. Law Rep. 1011.

But, conceding this, the argument is made that, as the Legislature has made annexation dependent upon

certain conditions to be ascertained by judicial proceedings, and has given persons affected the right to contest, such persons are entitled to notice in order that they may avail themselves of this right, and it is said that the statute allowing dissatisfied property holders in the territory proposed to be annexed the privilege of contesting is of no value at all if the annexation may be accomplished before they have notice that the attempt will be made, and before they are given any opportunity to bring the matter to the attention of the courts. But this argument overlooks or ignores the fact that the Legislature was under no constitutional or other obligation to give persons in the territory proposed to be annexed the right of appeal to the courts. It might have made the action of the municipal authorities final, but, in the lawful exercise of its power, it saw proper to provide that in certain states of case dissatisfied property owners might resist the annexation of their property. As the matter of allowing an appeal to the courts was wholly a question with the Legislature, it had the right to attach such conditions as it pleased to this privilege. As the Legislature had the power to provide that cities of the fifth class might annex territory without giving any notice, we are unable to perceive upon what ground the property holder can complain that the notice was not sufficient. The giving of notice is a mere matter of grace. The property owner is not entitled to notice as a matter of right. If the Legislature sees proper to provide he shall have notice, well and good. If it sees proper to provide he shall not have notice by publication or otherwise he is without remedy. If the Constitution made it obligatory upon the Legislature to give notice, then the notice must be sufficient to accomplish the pur-

pose, and we would hold in this particular case that the notice was not sufficient. But when no notice is required it is difficult to understand how the question of the sufficiency of the notice becomes at all material. It seems unjust that the Legislature should have invested cities of the fifth class with the power to enlarge in the manner provided their boundaries, and bring within the municipal government for purposes of taxation property that derives no benefit from the municipality. And if we felt that we had the power to do so, we would relieve these appellants from the injustice and hardship of the situation that they had been placed in without an opportunity to present the reasons why they should not be annexed.

The matters in controversy have been so fully covered by the cases cited that we do not deem it necessary to extend the opinion in restating the law as it has been declared by this court.

Wherefore the judgment in each case is affirmed.