## City of Georgetown v. Pullen.

(Decided April 20, 1920.)

### Appeal from Scott Circuit Court.

1. Municipal Corporations—Annexation of Territory—Res Judicata. —In a suit for annexation of territory to a city of the fourth class, a plea of res judicata does not present a good defense where the former suit for the same purpose was determined more than two years before the commencement of the action in which the plea is interposed.

2. Municipal Corporations—Annexation of Territory—Burden of Proof.—Where a majority of the voters and real property owners in a territory proposed to be annexed, remonstrate against the annexation, the burden is upon the city to show that the adoption will be to the advantage of the city and will not cause material injury to the owners of real estate in the proposed extension.

3. Municipal Corporations—Annexation of Territory—Taxation.—Where property owners oppose the annexation on the ground that their property will suffer material injury, and the only injury, if any there be, which the evidence tends to show, would result to such owners by reason of the annexation, is the burden of municipal taxation, the annexation should be made because such taxation is not an injury, within the meaning of the statutes governing annexation cases.

L. F. SINCLAIR for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The city of Georgetown brought this action to annex certain described territory and bring it within that municipality's jurisdiction. Practically all of the real property owners living in the territory proposed to be annexed remonstrated against the annexation in the manner provided by section 3483 Kentucky Statutes. The city council passed the necessary ordinances and each step in the proceeding was regular. Those opposed to the annexation filed an answer containing seven paragraphs, asserting the following defenses to the proceeding to annex:

(1) A plea of *res judicata,* there having been a suit between the same parties for the same purpose, covering exactly the same territory, instituted and decided adversely to the plaintiff city only a few years before.

(2) That all of the residents of the district proposed to be annexed, opposed the annexation, and the city does not propose to render any service whatever to such residents if the territory is annexed.

(3) That the territory proposed to be annexed is not so located as to be suitable for city purposes, streets, etc.

(4) That there are hundreds of vacant lots within the present city limits and that there has not been a single building erected in the city for many months, and no necessity for taking in additional territory.

(5) The city is unable to pave or macadamize the streets already within its limits, and therefore would be unable to take care of new streets.

(6) The sale value of the property proposed to be included would be greatly decreased.

(7) That the town is not growing in population but decreasing, and as there was no cause shown for the annexation in the first suit, and the town is now smaller in population than then, no cause can be shown for annexation now.

The plea of *res judicata* was stricken out by the trial court no doubt upon its attention being called to the provisions of the statute, "if the judgment of the court is adverse to the proposed change, no other effort to annex or strike off the territory so proposed, shall be made within two years after the entering of the judgment," and it being made to appear that the judgment in the former suit had been entered more than two years before the commencement of this one. None of the other pleas of the answer presented a defense, unless taxation for municipal purposes or improvements of streets and sidewalks at the expense of abutting property amounts to material injury to the property, within the meaning of the statute.

The real, if not the only objection to the annexation, as we gather it from the pleadings and evidence, is the tax burden to which the people and the property proposed to be annexed will be subjected. While several witnesses testifying for the city state that it will be to the advantage of the municipality as well as to the property owners in the territory proposed to be annexed, to have the annexation; and further that the burden of taxation would not materially, if at all, decrease the salable value of the real property situated in the proposed

adoption, several other witnesses testifying for the remonstrators say that their property would suffer material injury, both from taxation and the burdens which would come from the municipal government requiring the improvement of streets and laying of sidewalks at the expense of abutting property. The objectors give several alleged reasons why the territory should not be annexed, but they all relate to municipal taxation and the likelihood of the city government compelling the property holders to construct streets and sidewalks and otherwise conform to municipal regulations. The statute prescribing how territory may be annexed to fourth class cities, says:

"If the court, upon hearing, be satisfied that less than a majority of the resident voters of the territory sought to be annexed or stricken off, have remonstrated against the proposed extension or reduction, and that the proposed extension or reduction of the limits of the city, as the case may be, will be for the interest of the city, and will cause no material injury to the owners of real estate in the limits of the proposed extension or reduction, it shall so find, and the proposed extension or reduction shall be decreed or adjudged. But if the court shall find that a majority or more of the resident voters in the territory to be affected, or the owner or owners of said property, if there be no resident voters, remonstrated against such change, and that such change will cause material injury to the owners of real estate in the limits of the proposed extension or reduction, it shall so find, and said extension or reduction shall be denied."

In this instance more than a majority of the owners of real estate in the limits of the proposed extension remonstrated against the annexation, so this case comes under the last clause of the quotation from the statutes above cited. From this statute it will be seen that where a majority of the voters or owners remonstrate against the change, the annexation shall not be made if it further appear that the change will cause material injury to the owners of the real estate proposed to be annexed. So the question is, would the annexation of the proposed territory materially injure the owners of real estate therein? We think not, because the only claim of injury relied upon by the remonstrators is that which flows from municipal taxation, or which might come from the cost of improving streets or building sidewalks. The general rule

is that taxation for governmental purposes is not such
an injury as is contemplated by the statutes quoted above,
and this court in more than one case has so held. In the
very recent case of the City of Ludlow v. Ludlow, 186 Ky.
246, we held the payment of municipal taxation on a
tract of unimproved land, used as a pasture, and sought
to be annexed, is not such injury to the owner as is con-
templated by the statutes prohibiting the annexation
where material injury to the owners of real estate would
result. We have also held that the fact that residents or
owners of property in the territory proposed to be an-
nexed will be compelled to pay taxes to the city is not
the character of injury contemplated by the statutes,
considering the benefits received. Yancey v. Town of
Frankfort, 23 Ky. L. R. 2087.

The evidence shows that many of the residents of the
district proposed to be annexed enjoy all, or practically
all, of the benefits of the municipality without contri-
buting to its support or maintenance; that the city desires
to put in a system of sewerage so as to protect its water
supplies, and that certain other benefits will accrue to
the residents of the extension. It fairly appears that
the annexation will be for the interest of the city, and
that no material injury, within the legal sense, would re-
sult to owners of real estate by the proposed extension,
and the territory should be annexed.

Judgment reversed for proceedings consistent with
this opinion.