## Village of Cote Brilliante v. City of Newport, et al.

(Decided June 13, 1922.)

### Appeal from Campbell Circuit Court.

1. Municipal Corporations—Annexation of Territory—Ordinances.— In the title to an annexation ordinance the territory proposed to be annexed was described as "part of the town of C. B." In the body of the ordinance it was described as "part of the town of C. B. . . . described as follows. Part of the city of C. B. . . . included in territory described as follows:" Held that as the ordinance did not embrace unincorporated territory, but dealt only with incorporated territory, and therefore with the subject expressed in the title, it was not violative of section 3059, Kentucky Statutes, providing that "no ordinance shall embrace more than one subject, and that shall be expressed in the title."

2. Municipal Corporations—Annexation of Territory—Description of Territory.—In an ordinance annexing a part of a town of the sixth class, the description was as follows: "Part of the town of C. B. . . . described as follows: Part of the city of C. B. . . . included in territory described as follows." Then followed an accurate description of the territory by metes and bounds. Held, that the description was sufficient to meet the requirements of the statute that the ordinance should define accurately the part of the city proposed to be annexed.

BARBOUR & BASSMAN for appellant.

BRENT SPENCE for appellees.

Opinion of the Court by Judge Clay—Affirming.

The village of Cote Brilliante, in Campbell county, brought suit against the city of Newport, a city of the second class, and its commissioners, to enjoin them from annexing to the city of Newport a portion of the village of Cote Brilliante, on the ground that the ordinances providing for the annexation were invalid. Being denied the relief prayed for, plaintiff appeals.

Section 3051, Kentucky Statutes, provides in part as follows:

"Whenever it is deemed advisable to annex any city of the fifth of sixth class, or part of such city, to the city, the general council of the city proposing to annex such city, or part thereof, shall, by a vote of two-thirds of its members, pass an ordinance or resolution designating the city proposed to be annexed or defining accurately the part proposed to be annexed, if it be a part, declaring it to be desirable to annex such city or part thereof, and providing that the question of whether or not such city, or part thereof, designated in the ordinance, shall be annexed, shall be submitted to the qualified voters of such city, if it be proposed to annex such city as a whole, or if only a part of such city is proposed to be annexed by said ordinance, that the question shall be submitted to the qualified voters residing in such part of said city proposed to be annexed, at the next regular election to be held therein, if such next regular election shall not be held within sixty days after the passage of such ordinance."

The material parts of the annexation ordinance, which was adopted on September 6, 1921, are as follows:

"An ordinance proposing to annex part of the town of Cote Brilliante, Campbell county, Kentucky, to the city of Newport, Campbell county, Kentucky. Be it ordained by the board of commissioners of the city of Newport, Kentucky:

"Section 1. That it is hereby declared to be desirable to annex to the city of Newport, Campbell county, Kentucky, part of the town of Cote Brilliante, Campbell county, Kentucky, described as follows:

"Part of the city of Cote Brilliante, Campbell county, Kentucky, included in territory described as follows:

"Beginning at a point in the southerly corporation line of the city of Newport, eight hundred and ten (810) feet east of the east property line of Monmouth street on the Alexandria pike; thence along a straight line east-

wardly to an intersecting point in the east property line of Park avenue and north property line of Center street, in said city of Cote Brilliante; thence continuing same line two hundred and fifteen (215) feet along the north property line of Center street to an intersecting point in the west property line of Vine street and the north property line of said Center street; thence continuing along said line one thousand and sixty-five (1,065) feet to a point in Grand avenue intersecting the present south corporation line of the city of Newport, Kentucky; thence westwardly along the present south corporation line of the city of Newport to the point of beginning. Being that part of the city of Cote Brilliante as shown by the plat annexed thereto and made part hereof.''

Afterwards an election was called and held under the statute in that portion of the town of Cote Brilliante proposed to be annexed, and the proposition was carried by the requisite vote. Thereafter the city of Newport enacted another ordinance annexing the proposed territory under the same description contained in the original ordinance.

It is first insisted that the annexation ordinance is invalid because it violated section 3059, Kentucky Statutes, which provides: ''No ordinance shall embrace more than one subject, and that shall be expressed in the title.'' In support of this position it is argued that the title of the act relates only to incorporated territory, while the body of the act also includes unincorporated territory, a subject not mentioned in the title. It is true that the title of the ordinance relates only to the annexation of ''part of the town of Cote Brilliante;'' but what of the body of the ordinance? Section one merely declares it to be desirable ''to annex to the city of Newport, Campbell county, Kentucky, part of the town of Cote Brilliante, Campbell county, Kentucky, described as follows.'' The description is, ''Part of the city of Cote Brilliante, Campbell county, Kentucky, included in territory described as follows.'' Then follows a description of the territory. As the ordinance does not undertake to annex the described territory, but only that part of the town of Cote Brilliante included within the described territory, it is apparent that the body of the ordinance does not embrace any unincorporated territory, but deals only with incorporated territory, and therefore with only one subject, and that subject is clearly expressed in the title.

Another contention is that the part of the town of Cote Brilliante proposed to be annexed was not accurately defined as required by the statute. The ordinance annexed that part of the city of Cote Brilliante included in territory bounded by certain well defined lines. From this description any person of common understanding would readily know what part of the town it was proposed to annex. That being true, the description was sufficient to meet the requirements of the statute. Hardesty v. Town of Mt. Eden, 86 S. W. 687.

Judgment affirmed.