**Mary E. DONOVAN et al., Appellants,**

v.

**CITY OF LOUISVILLE et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 14, 1956.

As Modified on Denial of Rehearing March 29, 1957.

Wilbur Fields, Louisville, for appellants.

S. M. Russell, Herman E. Frick, L. Leroy Highbaugh, Louisville, for appellees.

STEWART, Judge.

On August 12, 1953, the City of Louisville enacted an ordinance proposing to annex an area including the present sixth-class City of Lincolnshire, the present sixth-class City of St. Regis Park, excepting a small portion thereof which was incorporated about thirty days before the ordinance was passed, and approximately 100 acres of farm land owned by the Highbaugh Realty Company, Inc. More than 75 per cent of the residents of the region remonstrated to the annexation of the territory. Highbaugh Realty Company intervened in this proceeding, over objection, on the basis that since it desired annexation of its tract (approximately 25 per cent of the area), the representation of its interests by the remonstrants was or might be adverse and it would be bound by a judgment in the action. On motion by Highbaugh Realty Company, and without a jury trial, the lower court entered a summary partial judgment authorizing annexation of the Highbaugh land and reciting that entry of the judgment should not be construed as adverse to annexation of the remainder of the territory or as a dismissal of the proceeding of the remonstrants. This appeal is from the summary partial judgment entered under the facts mentioned.

Several issues are presented on this appeal, but the decision we have reached in the disposition of this case requires us to discuss only one of them, since we have determined that the trial court committed reversible error in entering a

summary partial judgment to the effect that the Highbaugh property could properly be annexed. Nor do we base our decision on any technicalities of summary judgment procedure; rather, we have concluded that *no* judgment can be entered which decrees annexation of only a part of the territory a given ordinance has proposed for annexation. Later on, we shall express our views on the validity of the proposing ordinance, which is claimed to be inoperative, because it is our belief this is a matter that should be resolved as it may arise later in this proceeding.

A close reading of KRS 81.100 through KRS 81.110 discloses that the procedure to annex territory under the Kentucky Statutes requires the area as a unit to be proceeded against to finality. These statutes state that when a first class city desires to annex territory, it shall enact an ordinance describing "the territory proposed to be annexed", and throughout these statutes the territory is referred to in this or in some similar fashion. Particularly is this true in the sections setting forth the duties of the jury. See KRS 81.110(2). Their function is to determine the percentage of remonstrants in the "territory to be annexed" and, having done so, they will then be called upon to answer other questions concerning the "territory sought to be annexed". It is obvious the language of the statutes in question consistently and inexorably implies that the territory "sought to be annexed" in the original ordinance is the juristic entity that must be considered. However, if any doubts remain, they are dispelled by an examination of the Kentucky cases which are applicable to the subject under discussion.

This Court on several occasions has written on the problem encountered here. In Masonic Widows and Orphans Home v. City of Louisville, 309 Ky. 532, 217 S.W.2d 815, 817, this was said: "It may be observed that the present statute, KRS 81.-110, is confusing in several respects, e. g., it provides that there may be a protest of the annexation of a part of the territory covered by the proposal, but when it comes to the trial of the issue, it seems that the 'territory to be annexed' is to be regarded as a unit." This statement of the rule was quoted and approved in Pfeiffer v. City of Louisville, Ky., 240 S.W.2d 560. See also Lewis v. Town of Brandenburg, 105 Ky. 14, 47 S.W. 862, 48 S.W. 978. See also 62 C.J.S., Municipal Corporations, § 62, p. 169, where this language appears: "[The court] * * * cannot order the annexation * * * of a part only of the lands covered by the petition [or ordinance], but must grant or refuse the prayer of the petition as a whole." This rule is likewise indicated in 2 McQuillin, Municipal Corporations (3rd Ed.) sec. 7.39, p. 367. (The cases supporting this rule, however, are severance cases rather than annexation cases, but the principles in each instance are exactly the same.)

The rule laid down is supported by the great weight of authority, and it is also amply grounded on logic. The basic rationale for this rule is found by examining the *nature* of the annexation process. Since annexation is essentially a legislative matter, Lenox Land Co. v. City of Oakdale, 137 Ky. 484, 125 S.W. 1089; 62 C.J.S., Municipal Corporations, § 50, p. 146, the legislative act of the city, that is, the ordinance in this case, must stand or fall as a whole. If piecemeal annexation were permitted, the trier of facts (usually the jury) would possibly be empowered to decide exactly what territory would be annexed and what would not, and such a procedure would destroy the orderly conduct of annexation. The city decides how much territory it wishes to annex. It gets it all or none.

In the light of what we have said, it is clear that the lower court committed a reversible error in entering a summary judgment as to only a part of the territory described in the annexation ordinance.

It is contended, too, that the ordinance involved here had become invalid because

it was not included in the quadrennial publication of the city ordinances required of a first-class city by KRS 83.100. This statute states in part: "No general ordinance not included or published in the complete compilation or supplemental compilation shall be operative * * *." The question to be answered is whether the ordinance under discussion is "general" as that word is used in the above language, so that it should have been published in the manner described.

It is possible to find several definitions of the term "general ordinance", but many of these are not particularly helpful. For instance, a general ordinance has been defined as one which is "uniform in its application". City of El Dorado v. Citizens Light & Power Co., 158 Ark. 550, 250 S. W. 882. McQuillin defines a general ordinance as one "having an obligatory force on the community and upon the administration of the municipal government." See 5 McQuillin, Municipal Corporations (3rd Ed.) sec. 15.11, p. 77. Since both briefs cite this definition with approval, perhaps it will serve as well as any.

Before attempting to classify the ordinance in question we should examine it more closely. It was passed pursuant to KRS 81.100 which provides that "whenever a city of the first class desires to annex any unincorporated territory * * *, the city legislative body may enact an ordinance, defining accurately the boundary of the territory proposed to be annexed * * *." Further on, this same section of the statutes provides that, if there is no objection, a second ordinance may be enacted annexing the contemplated territory into the city. The immediately following section describes the procedure when there is a protest. In this case, also, it is necessary that a second ordinance be passed before the annexation becomes effective. See KRS 81.110(4). Thus it will be observed that the ordinance we are concerned with is merely the *preliminary* ordinance required for annexation.

■ The purpose of the ordinance, rather than the terminology employed in it, determines whether the ordinance is general or not. 2 Bouv.Law Dict., Rawles' Third Revision, p. 2424 (1914). It is obvious that the intent of the procedure embraced in the preliminary ordinance is to give notice to persons in the sought-after territory that they are about to be annexed. KRS 81.100 requires that the ordinance proposing annexation be published in at least ten issues of the newspaper having the largest circulation within the city. It is purely and simply the first step in an annexation proceeding. Specifically, it is a "notice" procedure comparable to the notice procedure with which all such actions start. (Reference is made to 2 McQuillin, Municipal Corporations (3rd Ed.) sec. 7.14, p. 289, for methods used in other states.) We are therefore of the opinion that it is not a general ordinance within the meaning of KRS 83.100.

■ Our conclusion is strengthened by an examination of the purpose of KRS 83.100. It is obvious that this section was enacted in order to provide a sort of "statute book" for the city. The type of ordinance in controversy, being ephemeral · in nature, and without any binding force other than within the territory at which it is directed, is scarcely a suitable subject for inclusion in a compilation "having an obligatory force" on the citizens in a municipality as a whole.

We conclude the proposing ordinance is therefore not void because it was not included in the compilation of ordinances required by KRS 83.100.

Wherefore, the judgment is reversed with direction to set it aside and for further proceedings in conformity with this opinion.