CITY OF PRESTONSBURG, Kentucky, a Municipal Corporation, Appellant,

v.

E. J. CONN et al., Appellees.

Court of Appeals of Kentucky.

Sept. 26, 1958.

Rehearing Denied Nov. 28, 1958.

Joe Hobson, S. C. Ferguson, Prestonsburg, for appellant.

C. P. Stephens, Prestonsburg, for appellee.

STEWART, Judge.

In this action the City of Prestonsburg sought to annex certain territory by extending the city limits to include the hamlet of Lancer. The lower court entered judgment annexing all of the area embraced in the annexation ordinance except the portion thereof described in the answer filed in this proceeding by those who remonstrated. The city appeals from this ruling.

The City of Prestonsburg is a municipal corporation of the fourth class. When such a city undertakes to annex, the procedure is outlined in KRS 81.220. This provision of law states, in substance, that if the court upon a hearing is satisfied that less than a majority of the resident voters in the territory attempted to be annexed have remonstrated against the proposed addition, and that the extension of the limits of the city will be for the interest of the city and that such will cause no material injury to the owners of real estate in the limits of the area to be taken in, the proposed annexation *shall be decreed*.

In this proceeding more than a majority of the resident voters situated within the territory proposed to be annexed favored incorporation into the City of Prestonsburg; it was shown 44 remonstrated against and 70 requested the annexation. It is therefore incumbent to determine whether the contemplated annexation will be for the benefit of the city and whether it will cause no material injury to the owners of real estate in the territory proposed to be added to the city. There is next the contention that the court may not, in any event, resort to piecemeal annexation, which the city asserts was done here.

In Masonic Widows and Orphans Home and Infirmary v. City of Louisville, 309 Ky. 532, 217 S.W.2d 815, 819, we defined "for

the interest of the city" as meaning that the annexation should contribute to the prosperity of and be generally advantageous to the city; and in that same case we construed "material injury to real estate" as meaning the clear and obvious imposition of manifest and substantial burdens upon the property owners affected.

Practically the whole of appellees' brief is focused upon the argument that the proposed annexation would not be conducive to the welfare of the City of Prestonsburg. We should state in this connection that the evidence in the record is somewhat scant on this proposition. It appears the parties when taking proof assumed that advantage, for the most part, would result to the city from this increase in the city's boundary; for, in the introduction of evidence as to the effect of the extension of the city limits, almost all attention was directed by the city toward proving that such a step would be beneficial to the property owners taken in and by appellees toward establishing that such a move would be injurious to them.

■ The lower court, although it made no factual finding on the issue, evidently concluded it would be to the best interest of the City of Prestonsburg to annex the major portion of the hamlet of Lancer. There is no suggestion that the capacities of the City of Prestonsburg will be over-extended by the acquisition of the area in question. The only possibility of detriment to the welfare of the city will arise from the furnishing of police and fire protection. Streets, curbs and gutters will undoubtedly be constructed at the cost of the abutting property owners. The outlay for building light and water facilities, as is generally customary, will be borne out of the proceeds derived from furnishing these services. There is no proof that the over-all extra expense the city will be put to will exceed the tax revenue it will collect from the new territory proposed to be taken in. In the light of what has been said we must necessarily conclude that the annexation would

not be contrary to the interest of the City of Prestonsburg.

■ When we come to the question of whether material injury will be visited upon the property owners in the area to be annexed, we apply the test laid down in the Masonic Widows' & Orphans' Home case, cited above. This test requires that there must be a clear and obvious imposition of manifest and substantial burdens upon them. Upon such a showing the court may properly nullify the annexation proceeding.

This action had its genesis in the fact that an overwhelming majority of the resident voters of the hamlet of Lancer petitioned the city to incorporate them into the City of Prestonsburg in order that they might obtain water from the city system—water not only for personal use but for fire protection. These persons were told they could not procure city water any other way than by becoming a part of the city. The lower court excluded from the territory attempted to be added to the city an area which was inhabited by all, except three, of the persons who protested against their being taken into the city. The trial court adjudged these residents would derive no material benefit from the annexation, finding that " * * * the territory in question is approximately two miles from the main portion of said City of Prestonsburg and includes only the river bank, state highway and up into the hill along said road; that there is no land available in said boundary for the laying out of streets, alleys or sewers; and that the occupants of said territory have gone to considerable expense to supply their own water system."

■ Appellees' real objection to their inclusion into the city, as is apparent from reading their testimony, stems from their desire not to be saddled with the payment of municipal taxes. The reasons advanced against annexation, mentioned in the lower court's findings based upon certain evidence introduced, were of a purely critical nature

and were not responsive to the proof-requirements contained in KRS 81.220. In truth, in assessing its reasons for excluding the particular area mentioned in the judgment, the lower court seemed to have been more concerned with the unsuitability of this territory for municipal use than with the thought of what burdens or benefits would result from annexation.

■ We have held that the mere imposition of city taxes upon property located in annexed territory does not constitute material injury to real estate within the meaning of the statute. See Masonic Widows and Orphans Home and Infirmary v. City of Louisville, 309 Ky. 532, 217 S.W.2d 815; City of Louisville v. Sullivan, 302 Ky. 86, 193 S.W.2d 1017; Adkins v. City of Pineville, Ky., 271 S.W.2d 625; City of Georgetown v. Pullen, 187 Ky. 697, 220 S.W. 733; City of Ludlow v. Ludlow, 186 Ky. 246, 216 S.W. 596. Of course there must necessarily be read into this statement the condition that compensating benefit of some kind must be received by the annexed territory.

The conclusion we reach from a review of the record leaves no doubt in our mind that the hamlet of Lancer will receive far more advantage than detriment from its being made a part of Prestonsburg. We have heretofore alluded to the fact that these residents will receive water for domestic use and for fire protection. In this connection it was brought out that bringing their property into the city limits would reduce their fire insurance premiums about 50%. Eventually the availability of water will make possible the installation of a sanitary sewer system. We repeat that appellees' counsel advances no argument on the question of what injuries or burdens will result to property owners from the annexation.

■ In the recent case of City of Louisville v. Kraft, Ky., 297 S.W.2d 39, we said in effect that the Legislature prescribes the facts and conditions under which annexation of territory by a municipality may take place, and that the only function of the courts in such a proceeding is to determine whether the prescribed facts and conditions exist. The Kraft case also pointed out that the Legislature cannot constitutionally delegate to the courts its policy functions with respect to annexation of territory by a municipality or leave it to the courts to determine as a matter of discretion or judgment whether annexation should take place.

■ The Legislature has clearly charted the course to be followed by the courts in cases such as the one before us. The courts, under KRS 81.220, are authorized to interpose only where there will be a clear and obvious imposition of manifest and substantial burdens. We believe that the requirements set forth in this statute in order to warrant annexation of all the territory involved were sustained by the proof in this proceeding. It has been noted that it would be advantageous to the City of Prestonsburg to annex in this instance. Also, it is our view the evidence fully established that the benefits accruing from the annexation will far outweigh the burdens flowing therefrom. Therefore the ruling of the lower court was clearly erroneous when it disallowed annexation of the property set forth in the answer.

■■ There is another reason why the judgment must be reversed. In Donovan v. City of Louisville, Ky., 299 S.W.2d 636, we reiterated the rule that an annexation ordinance must stand or fall as a whole. This proposition was discussed at some length in that opinion and we shall not dwell upon it, except to state that the lower court departed from this principle of law when it attempted to resort to piecemeal annexation here. It is sufficient to say that the statute providing for the annexation does not permit the residents of the territory sought to be annexed to split it up into parcels for the purpose of resisting annexation of one or more of such parcels.

Wherefore, for the reasons given the judgment is reversed with directions that it be set aside and a new one entered annexing all of the territory embraced in the ordinance.