**Robert J. JOBE et al., Appellants,**

**v.**

**CITY OF ERLANGER, Appellee.**

Court of Appeals of Kentucky.

May 8, 1964.

Rehearing Denied Dec. 4, 1964.

**676**

James A. Nolan, Ware, Bryson & Nolan, Covington, for appellants.

Harry L. Riggs, Erlanger, for appellee.

CULLEN, Commissioner.

The appellants are resident freeholders in an area of some 350 acres proposed to be annexed by the City of Erlanger, a third-class city. They have undertaken to appeal from a judgment of the circuit court, in a remonstrance suit, upholding the annexation.

The statute governing annexation by third-class cities, KRS 81.190(4), provides that there shall be no appeal from the judgment of the circuit court in a remonstrance suit. There is a similar denial of an appeal in the statute relating to annexation by fifth-class cities, KRS 81.230(3), but an appeal is permitted by the statutes applicable to cities of the first, second, fourth and sixth classes.

The appellants maintain that the statutory denial of an appeal in third-class city cases is unconstitutional as discriminatory, special legislation. A similar contention was made, and rejected, in Yount v. City of Frankfort, Ky., 255 S.W.2d 632, wherein the court cited Lenox Land Co. v. City of Oakdale, 137 Ky. 484, 125 S.W. 1089, as authority for the proposition that the legislature constitutionally may provide different methods of annexation for different classes of cities.

We believe the holding in the Frankfort case is sound. Under Section 156 of the Kentucky Constitution cities may be divided into classes for the purposes of *organization and government*. Acts relating to organization and government of cities may distinguish between cities according to class without violating constitutional prohibitions against special legislation. Mannini v. McFarland, 294 Ky. 837, 172 S.W.2d 631. Annexation is a matter of organization and government of cities. Lenox Land Co. v. City of Oakdale, 137 Ky. 484, 125 S.W. 1089.

The appellants argue that even if they have no statutory right of appeal they nevertheless are entitled to an appellate review of the constitutional question of whether the annexation constitutes a taking of property without due process of law and without compensation. See Chesapeake & Ohio Railway Company v. Murphy, 314 Ky. 309, 234 S.W.2d 969. The appellants say that the annexed area includes two farm tracts, one of 60 acres and the other of 40 acres, and a two-acre orchard tract, none of which is adaptable for municipal uses. The appellants contend that the taking of these tracts is unconstitutional under the ruling in Chesapeake & Ohio Railway Company v. City of Silver Grove, Ky., 249 S.W.2d 520.

It is doubtful whether these appellants are entitled to raise the constitutional question, because they do not own any of the three tracts claimed to be incapable of municipal use. However, the claim of unconstitutionality cannot in any event be sustained, because the evidence does not show that the three tracts are incapable of or inadaptable for municipal uses or purposes, within the meaning of the Silver Grove case, but only that the tracts are not presently being devoted to urban use.

We have accepted the appeal only for the purpose of passing on the constitutional

questions raised. The question of whether the city adequately sustained its burden of proof is not reviewable.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

The majority opinion rejects the argument of unconstitutionality on authority of Yount v. City of Frankfort, Ky., 255 S.W. 2d 632. In that case the statute authorizing a third-class city to annex certain territory was held not to violate the due process clause of the Federal Constitution.

This is no answer to my objection that the statutory denial of an appeal in third-class city annexation cases is a denial of the equal protection of the law to appellants in violation of the equal protection clause of the Federal Constitution. The concept of equal protection of the laws stems from the American ideal of fairness. Equal protection to all is the basic principle on which rests justice under the law. The clause in the Federal Constitution forbidding the states to deny equal protection of the laws guarantees the treatment alike in the same place and under like circumstances and conditions of all persons subjected to state legislation. The Fourteenth Amendment of the United States Constitution expressly forbids a state to deny any person within its jurisdiction equal protection of the laws. It is a guaranty that all persons subjected to state legislation shall be treated alike, under like circumstances and conditions, both in privileges conferred and in liabilities imposed. 16A C.J.S. Constitutional Law § 502, pages 296 and 297.

As is pointed out in the majority opinion, KRS 81.190(4) expressly provides that there shall be no appeal from the judgment of the circuit court in annexation proceedings involving third-class cities. It is further pointed out that there is a similar denial of an appeal in the statute relating to annexation by fifth-class cities. Appeals are permitted in similar cases involving cities of the other four classes.

There is no valid basis for saying that appeals shall be permitted in second and fourth-class city annexation cases and that an appeal shall be denied in a third-class city. Cities are classified on the sole basis of population. Kentucky Constitution, Section 156. Express provision therein is made for the change of classification of a city as its population may increase or decrease. Such differences in population cannot be made the basis for denying the freeholders of territory contiguous to a city the right to appeal in an annexation proceeding. There is no reasonable relationship between population and appeals. There is no difference in circumstance or condition between freeholders of territory contiguous to second, third, and fourth-class cities, except the difference in population of the respective cities. It is possible that the population may be the same or substantially so in cities of different classes.

The inevitable conclusion is that the statute which denies an appeal in this case is a denial of the equal protection of the law under the Federal Constitution.

Accordingly, I respectfully dissent.