**Frank L. HELLMAN et al., Appellants,**

**v.**

**CITY OF COVINGTON, Appellee.**

Court of Appeals of Kentucky.

June 25, 1965.

Rehearing Denied Oct. 15, 1965.

John J. O'Hara, O'Hara & Ruberg, Covington, for appellants.

Charles H. Deters, Covington, for appellee.

MONTGOMERY, Judge.

Frank L. Hellman et al., representing more than 50% of the resident freeholders, remonstrated against a proposed annexation by the City of Covington. They appeal from the judgment permitting the annexation. On appeal they contend that the record fails to establish the requisites of KRS 81.110(2). It is also contended that the description of the annexed territory is inadequate and the record does not show that the ordinance of annexation received the requisite two-thirds vote of the city governing body.

The trial judge heard and decided the case without the intervention of a jury. In effect, it was found that a failure to annex will materially retard the prosperity of the city, and of the owners and inhabitants of the territory sought to be annexed. KRS 81.110(2). The primary question is thus narrowed to whether such findings are clearly erroneous. CR 52.01.

The City of Covington has a population of approximately 60,000 and encompasses an area of over seven square miles. On the north and east it is bounded by the Ohio and Licking rivers, respectively. There are twenty-four other incorporated

cities in Kenton County, many of which are adjacent to the City of Covington and form an incorporated wall around the city. The territory proposed to be annexed is one of the few remaining unincorporated areas adjacent to the city.

The establishment of the Internal Revenue Service Processing Center in the city increased the number of jobs therein by 1,700. This facility and the development of urban renewal and area development programs are factors in the effort to remedy the decline in population, jobs, and housing units that existed prior to 1960.

The territory to be annexed contains 218 or 222 acres, as variously stated. It is located near the western boundary of Covington. Roughly, the area is bounded on the north and west by the City of Fort Wright, on the east by the City of Covington, and on the south by the City of Kenton Vale, a sixth-class city lying between the City of Covington and the area to be annexed. The court found that the freeholders did not exceed thirty-five in number and that the actual bona fide residents did not exceed eighty-five in number. Most of them reside along a highway that extends along one side of the area. The St. Charles Nursing Home, owned by the City of Covington, and the Kenton-Campbell Tuberculosis Sanatorium, owned by Kenton County, occupy a substantial area within the territory.

Appellants urge that the topography of the area is unfavorable for development, especially for industrial use. Less than 15% of the area is level enough for industrial purposes. The remainder is mostly undeveloped, rough, hilly, and wooded. It is argued that these factors make the cost of installing the usual utility facilities and roads more expensive.

For the appellants the evidence as summarized is to the effect that the freeholders are satisfied with conditions as they are, that they do not want anything from the appellee, and that they do not want to pay anything for any benefits to be derived

from annexation. In short, they are satisfied with septic tanks, cistern or well water, bottled or natural gas, and the existing systems of garbage collection, volunteer fire and county police protection, streets, and bus service. For the city it was shown that annexation would result in improved police and fire protection, lowered insurance rates, better garbage collection, sewage disposal, and water systems. There was evidence to the effect that the city was financially able to make these facilities available. In addition, the benefits of zoning, street lights, public library, and public park and recreational facilities would accrue.

In City of Greenville v. Gossett, Ky., 355 S.W.2d 311, and Buchanan v. City of Dayton, Ky., 363 S.W.2d 92, the cases are collected and the application of the pertinent principles is discussed. In Voorhes v. City of Lexington, Ky., 377 S.W.2d 57, the pertinent principles are discussed as they apply to a second-class city annexation. No further discussion is necessary except to say that the judgment authorizing the annexation herein is in conformity with those principles and that there is substantial evidence to support the findings of fact of the trial judge. CR 52.01.

The ordinance proposing the annexation described the territory in general terms and also by metes and bounds. The judgment approving the annexation referred to the ordinance by number and did not include a description of the territory to be annexed. Appellants contend that this is an inadequate description.

In Village of Cote Brilliante v. City of Newport, 195 Ky. 317, 242 S.W. 2, a metes and bounds description was held to be sufficient in an annexation ordinance; hence, the description in the ordinance here was sufficient. An attested copy of the ordinance of annexation was specifically made a part of the petition for annexation. Therefore, since the judgment identified and referred to the ordinance by its number, it,

in effect, incorporated the description by reference and is sufficient.

■ Additionally, appellants contend that the record fails to establish a passage of the ordinance by a two-thirds vote of the governing body of the city. No such issue was presented by the pleadings. The trial court noted that "During the trial of the case no attack was made on the legality of the ordinance." If appellants had thought that the ordinance had not been legally passed, they should have attacked it directly, in which event the burden of establishing improper passage would have been on the party asserting it, the appellants. There is no merit in this contention.

Judgment affirmed.