John **ROBERTSON, Jr., et al., Appellants,**

v.

**CITY OF HAZARD, Appellee.**

Court of Appeals of Kentucky.

March 18, 1966.

S. M. Ward, Calvin N. Manis, Hazard, for appellants.

W. E. Faulkner, Hazard, for appellee.

PALMORE, Judge.

The City of Hazard enacted an ordinance proposing to annex unincorporated territory pursuant to KRS 81.110 and 81.190. More than 75% of the freeholders residing in the area remonstrated by filing this proceeding in the Perry Circuit Court. After a trial without the intervention of a jury the trial court made findings of fact to the effect that a part of the territory should be annexed and the remainder should not. Judgment was entered approving annexation of a designated portion of the area described in the ordinance. Under Donovan v. City of Louisville, Ky., 299 S.W.2d 636 (1957), this partial annexation was unauthorized, as both sides now agree. See also City of Prestonsburg v. Conn, Ky., 317 S.W.2d 484, 487 (1958). However, the remonstrants did not perfect an appeal from the judgment, and the case comes before us on an appeal from an order overruling a motion by the City to vacate the judgment.

Having become convinced that the judgment was improper, the City moved to set it aside under CR 60.02, and in response the remonstrants asked the same relief. The trial court overruled the motion on the ground that the judgment was not void but merely erroneous. The remonstrants appeal.

Without reaching the problem of whether the judgment was void, we are of the opinion that in the absence of some good reason to the contrary, when the parties to a lawsuit agree in good faith that a mistake has been made and that the judgment should be vacated there is no justifiable basis for overruling a CR 60.02 motion. Hence it is our conclusion that the motion in this case should have been sustained. KRS 81.190(4), providing that there shall be no appeal from the judgment of the circuit court, does not preclude review of a

final order disposing of a motion to vacate under CR 60.02.

Upon remand it will be necessary that new findings be made and a judgment entered approving or disapproving the proposed annexation as a whole. Cf. Donovan v. City of Louisville, supra.

The cause is reversed for further proceedings.