Vila Mae **HOPPERTON** et al., Appellants,

v.

**CITY OF COVINGTON**, Appellee.

Court of Appeals of Kentucky.

May 26, 1967.

---

Andrew W. Clark, Hughes, Clark & Burke, Covington, for appellants.

Charles H. Deters, Covington, for appellee.

WADDILL, Commissioner.

This is an appeal by resident freeholders of a 1620-acre tract of land sought to be annexed by the appellee, City of Covington. The case was heard without the intervention of a jury. Appellants allege the trial court erred in not holding in their favor when it was discovered that the description in the original ordinance proposing annexation was defective, in permitting the city to amend its pleadings, in finding that the requirements of KRS 81.280 were satisfied and in deciding that the failure to annex, as provided by KRS 81.140, would be detrimental to all parties concerned. They further assert an unconstitutional deprivation of property.

After the City of Covington adopted an ordinance proposing to annex an unincorporated area lying south of it the appellants, representing more than 51% of the resident freeholders of this area, filed a remonstrance proceeding (KRS 81.110 and 81.280). Early in the trial of this action it was discovered that a portion of the area to be annexed was the subject of a prior annexation ordinance by another city. The appellants moved to hold that the ordinance was void under KRS 81.100. The trial court overruled this motion, abated the action and gave the city permission to file an amended pleading eliminating the area that was the subject of the prior annexation

proceeding. The city then adopted a new ordinance amending the first ordinance. The area described in the second ordinance was approved by the trial court for annexation and is the subject of this appeal.

■ Annexation of unincorporated territory by cities of the second class, such as Covington, is authorized by KRS 81.140 which incorporates the annexation procedure set forth in KRS 81.100 and 81.110. An accurately defined boundary is required by KRS 81.100. Cf. City of St. Matthews v. City of Beechwood, Ky., 373 S.W.2d 427. The appellants contend it was error to permit the city to amend.its pleadings to show the adoption of a second ordinance which correctly described the area to be annexed. When the trial court permitted the amendment to the pleadings it also allowed the parties to strike any testimony previously heard which concerned territory not to be annexed under the second ordinance. Appellants have failed to demonstrate wherein they have been prejudiced by the trial court's rulings and in the circumstances disclosed we are unable to find an abuse of discretion. Buchanan v. City of Dayton, Ky., 363 S.W.2d 92.

This case is distinguishable from Garner v. City of Lexington, Ky., 306 S.W.2d 305, wherein an ordinance proposing to annex a small area was held void as being in violation of the circuit court's jurisdiction of a larger area to be annexed under a pre-existing ordinance. In the instant case we have an amendatory ordinance and an order of the trial court specifically authorizing amendment of the pleadings. Cf. Buchanan v. City of Dayton, supra.

■ Appellants contend the trial court erred in not finding the proposed annexation to be in violation of KRS 81.280. By the provisions of this statute certain specified requirements must be satisfied before an area may be annexed if an industrial plant is located therein. The northern tip of the area is occupied by a portion of the Sohio Petroleum Refinery Company. The trial court found that each of the requirements of this statute was satisfied. The only finding under this statute which is now attacked is that the area is "compact and contiguous." The evidence discloses that it has an irregular shape roughly similar to that of an hour-glass. It also discloses that it is contiguous because the northern end of the area adjoins the present city limits of Covington. The eastern boundary of the area adjoins the boundaries of other cities. The southern and western boundaries coincide with a railroad track and certain highways. These monuments constitute reasonable and easily identified boundaries and the mere irregularity in its shape does not vitiate its compactness. Cf. City of Hickman v. Choate, Ky., 379 S.W.2d 238. The fact that part of the Sohio plant is already within the city limits and a part is in one of four other areas the city intends to annex under its comprehensive plan of annexation has no bearing on the compactness of the area now proposed for annexation.

■ Appellants urge that it was error for the trial court to find under KRS 81.-110 that the failure to annex will materially retard the prosperity of the city and of the landowners and inhabitants of the area. The evidence establishes that the lack of undeveloped land has seriously hindered the city in its efforts to attract new industry and to implement its urban renewal program. It further reveals that the 346 residents of the 1620-acre area to be annexed are dependent on septic tanks for sewage disposal although the soil is heavy clay. This and other deleterious conditions are not conducive to the proper utilization of this area's potential. The city showed that as soon as possible it would provide the needed municipal services such as are enumerated in Hellman v. City of Covington, Ky., 393 S.W.2d 889 (which case involved a nearby tract of land). The findings of the trial court, as set forth in an enlightening opinion, are abundantly supported by the evidence. Although appellants argue that the cost of providing municipal services to this sparsely populated area will work a fi-

**384**

nancial hardship on the city, the evidence shows it is economically feasible. Whether it is economically unwise is not a subject for judicial review.

 Appellants finally contend that the proposed annexation will unconstitutionally deprive them of property without due process of law. As clearly set forth in Yount v. City of Frankfort, Ky., 255 S.W.2d 632, and Lenox Land Co. v. City of Oakdale, 137 Ky. 484, 125 S.W. 1089 and 127 S.W. 538, this question has no application to annexation of territory by a municipality.

The judgment is affirmed.

All concur.