Joe T. HYDEN et al., Petitioners,

v.

Hon. William E. FANNING, Special Judge,
Floyd Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 16, 1970.

Joe Hobson, Prestonsburg, for petitioners.

Hon. William E. Fanning, pro se.

STEINFELD, Judge.

The Superintendent of Schools of Floyd County and the Board of Education of Floyd County sued a group of citizens, which for convenience we will refer to as the Hyden group, seeking to prohibit it from interfering by picketing or other processes with the conduct of the public schools at Martin in Floyd County. On March 4, 1970, the presiding judge of the Floyd Circuit Court entered a temporary restraining order as follows:

"The defendants, and each and all of them and those in active concert or participation with them, are hereby enjoined and restrained from interrupting the Martin School System by pickets, radio announcements, publicity campaigns, handbills, telephones, word of mouth or any other way that would interfere with the orderly conduct of the school system at Martin by the plaintiffs herein and their duly authorized employees and fail not under the penalties of law."

The next day the restrained parties moved to dissolve that order. On March 6, 1970, the plaintiffs below moved for a rule against certain defendants to require them to show cause why they should not be punished for contempt for failing to comply with the restraining order and on March 9, 1970, they moved for an injunction. Before acting on these motions the regular judge declared that he was disqualified to participate further in the proceedings whereupon Honorable William E. Fanning was appointed as special judge. On March 14, 1970, Judge Fanning conducted a hearing on all motions but up to the 24th day of August, 1970, he had not ruled on them.

The Hyden group has filed here a petition for a writ of mandamus demanding that Judge Fanning be ordered " * * * to forthwith decide the following motions * * * (a) The motion of these defendants to dissolve the temporary restraining order issued herein on March 4, 1970. (b) Plaintiffs' motion for a temporary injunction filed on March 9, 1970. (c) Plaintiffs' motion for a rule against some of these defendants."

The record shows that the transcript of the March 14, 1970, hearing was filed on

April 20, 1970, but that nothing has occurred in the original proceeding since that day.

Petitioners cite Hargis v. Swope, 272 Ky. 257, 114 S.W.2d 75 (1938), as standing for the proposition that a mandamus is a proper remedy to compel the inferior court to adjudicate on a subject within its jurisdiction when it neglects or refuses to do so. Cited also is Helton v. Stivers, Ky., 385 S.W.2d 172 (1964), in which a writ of mandamus was entered. In Helton we wrote " * * * a four months' delay in taking any proceeding after the filing of the motion, without some reason therefor being shown, is not in the best interests of the administration of justice."

A lengthy response has been filed by the special judge in which he admitted the facts pleaded in the petition but explained the reasons for the delay. He showed the difficult, complex and intricate problems involved in this litigation. Among other things he stated that the research facilities available to him are quite limited and that he has spent many hours studying the questions involved. He also responded that he desires to spend several days in either the University of Kentucky or the University of Louisville law school library to research the law on the problems presented.

It appears to us that this special judge is not neglecting this case and that he should have additional time for research and for preparation of an opinion. We deem it appropriate to note that the restraining order was issued without notice and ex parte. Involved in the litigation are constitutional rights which must be protected with dispatch. While under the circumstances here existing we do not grant the petition for a writ of mandamus, it is denied without prejudice to a renewal of the motion in the event the desired relief is not forthcoming within a reasonable time and it is so ordered. City of St. Matthews v. Smith, Ky., 266 S.W.2d 347 (1954).

All concur.