Honorable James J. GILLIECE, Judge, Kenton Circuit Court, Appellant,

v.

CITY OF COVINGTON, Kentucky, Appellee.

Supreme Court of Kentucky.

May 2, 1978.

conclusion, approving the annexation. *Hopperton v. City of Covington*, Ky., 415 S.W.2d 381 (1967). The other actions, which had been consolidated with *Beck v. City of Covington*, Kenton Circuit Court, civil action # 9921, proceeded, but slowly. The record does not disclose that appellant in any way delayed or stalled the progress of this litigation. As a matter of fact, the petition filed herein indicates that activity outside the courtroom could have been, and likely was, the stumbling block. Being anxious for a judicial determination of pending motions, the appellee proceeded, on the 10th day of June, 1977, to file its petition for a writ of prohibition or mandamus against the appellant seeking to coerce him not only to decide the motions but to decide them in a particular way. The Court of Appeals of Kentucky granted the relief which the appellee sought.

This is an appeal from the order of the Court of Appeals prohibiting the petitioner from proceeding further in the consolidated action of *Beck v. City of Covington*, except to issue such order or orders as may be required to appropriately dismiss the complaints of the remonstrants which have not been heretofore dismissed. An appeal rather than a motion for a discretionary review is the proper method of securing a review of an order of the Court of Appeals granting or denying a petition for a writ of prohibition or a writ of mandamus. *Stephens v. Goodenough*, Ky., 560 S.W.2d 556 (1977); CR 76.36(6).

Richard C. Stephenson, Stoll, Keenon & Park, Lexington, Bernie Beck, Fort Mitchell, for appellant.

A. Wallace Grafton, Jr., Sherl G. Snyder, Francis J. Mellen, Jr., Wyatt, Grafton & Sloss, Louisville, Douglas M. Stephens, Covington City Sol., Covington, for appellee.

PER CURIAM.

The City of Covington, Kentucky, in 1962 enacted four annexation ordinances. Within thirty days after their enactment four remonstrances were filed in the Kenton Circuit Court protesting the annexation. One of these actions has been prosecuted to a

The appellee contends that, (1) the remaining remonstrant actions are moot, consequently, there is no further jurisdiction in the Kenton Circuit Court except to enter an order dismissing them, and (2) the facts set out in the petition justify the action of the Court of Appeals in ordering the appellant to decide the issue in a particular way. The appellant argues that, (1) the Kenton Circuit Court had jurisdiction to determine whether it in fact had jurisdiction; (2) the facts necessary to disclose that the actions are moot have not been established; (3) there exists a right of appeal from any final action of the Kenton Circuit Court; and (4)

the delay in deciding the motions which are pending is not unreasonable.

Our attention is specifically directed to the fact that the remonstrants' actions in the Kenton Circuit Court, which are pending before the appellant, are 15 years old. For fear that the length of time that appellant has had the consolidated actions before him may be obscured by the period of time that these actions have been pending in court, we take note that the appellant did not become judge of the Kenton Circuit Court until April 10, 1974.

On June 18, 1975, the appellant entered an order vacating a prior order entered by a special judge, and on March 31, 1976, pursuant to a motion, entered an order identical to the one he had set aside. On June 14, 1976, one of the remonstrants, City of Erlanger, Kentucky, moved for summary judgment denying the right of the City of Covington to annex any of its area. The summary judgment was granted by order of October 25, 1976. On October 27, 1976, the appellee filed a motion to dismiss the actions as being moot. At that time David Stallard moved the court for permission to intervene as a remonstrant. On November 29, 1976, these two motions were argued before the appellant and were then and there taken under submission. At the time this original action was filed, on June 10, 1977, the appellant had not passed on either of these motions.

The appellant's statement of points and authorities and the appellee's counterstatement of points and authorities raise both questions of law and questions of fact.

By reason of the disposition being made of this case, we need only concern ourselves with the questions of whether (1) the motion of David Stallard to intervene should be granted or denied; (2) the appellant is acting within the scope of his jurisdiction; and (3) the delay in deciding the motions is unreasonable and, if so, whether the appellant should be directed as to the disposition to be made of the motions.

■ The propriety of permitting Stallard to intervene is properly addressed to the trial court. CR 24.01. This is one of the motions pending before the appellant, and we will not second guess the action of the trial judge in that respect.

The appellee argues that the allegations of the petition for a writ of prohibition or mandamus clearly disclose that the consolidated actions have become moot and, therefore, the Kenton Circuit Court has no jurisdiction to proceed further. In *Sharp v. Wadill*, Ky., 371 S.W.2d 14 (1963), we said:

"The established rule is that where the jurisdiction of a court depends on a fact which the court is required to ascertain, the court has jurisdiction to determine that jurisdictional fact, and its judgment determining that fact is conclusive on the question of jurisdiction until set aside or reversed in direct proceedings; it cannot be attacked collaterally."

■ The question as to whether the issues have become moot is one of fact and is for the trial judge to determine.

Although the consolidated actions have been long-lived, this court is not constrained to say that their longevity, guidance and disposition, while under the care of the appellant, are such as to cause this court to direct the nature of the disposition to be made of the two motions pending before him.

■ In *Helton v. Stivers*, Ky., 385 S.W.2d 172 (1964), we criticized a four-month delay in taking any action on a motion without some reason justifying the delay being shown. In *Hyden v. Fanning*, Ky., 469 S.W.2d 703 (1970), we were faced with a six-month delay in ruling on a pending motion. There were factors which made the delay necessary. We denied a petition for mandamus, but did so "without prejudice to a renewal of the motion in the event the desired relief is not forthcoming within a reasonable time."

The appellant has shown no reason for the delay. We are of the opinion that the delay is unreasonable and that the Court of Appeals appropriately ordered the appellant to decide both motions. However, we are of the opinion that we are not authorized to

direct the court how to rule on either or both of said motions.

So much of the order of the Court of Appeals as directs the appellant to issue an order dismissing the remonstrants' complaints which have not been heretofore dismissed is reversed; in all other respects the action of the Court of Appeals is affirmed.

The appellant is ordered to decide forthwith the motion of Stallard to intervene and the motion of the appellee to dismiss all of the remonstrants' suits consolidated in the action of *Beck v. City of Covington.*

All concur, except STEPHENSON and LUKOWSKY, JJ., who did not sit.